## Barr *versus* Weld.

1. Where the intention is to dedicate real estate to charitable uses, there is no difference between a conveyance *on condition*, and a conveyance *in trust*. In the first case the grantor may enter for condition broken; in the other he cannot, the remedy being against the trustees.

2. A conveyance, for a nominal consideration, was made to certain persons "in trust for the Utica School-House," to the use of the said trustees "and their successors in trust as aforesaid for ever," with covenant of general warranty. After an erection of two school-houses and occupancy for school purposes under the trustees and of directors under the common school system, for above thirty years, part of the premises, under the Act of June, 1836, was conveyed by the remaining trustees to the school directors of Sugar Grove village, formerly Utica, to hold for the same purposes the grantors held. The school directors sold part of the ground, leased another part for twenty years, the lease being renewable at the option of the lessee, the proceeds of sale, the rents, and the balance of the ground, being applied and used for school purposes.

*Held* that there being no express condition in the grant reserving to the grantor the right to enter for condition broken or for misuser, neither he, nor any one claiming from him, could recover the unsold premises in ejectment.

3. By the 14th section of the Act of 13th June, 1836, relative to common schools, the surviving trustees had the right to convey to the school directors of the proper district, and the latter would hold the legal estate for the same term and use for which it was originally granted.

4. The school directors acquired a fee simple in the premises conveyed to them, for the use declared; and the sale, when the exigencies of the trust required it, although *a conversion*, was not a diversion of the property from the purposes of the trust.

Error to the Common Pleas of *Warren county*.

Ejectment by Henry Barr *v.* D. Weld, R. Clark, and others, for one acre and one hundred perches of land in the village of Sugar Grove.

Both parties claimed under John Barr.

John Barr and wife, by deed dated 31st October, 1815, in consideration of one dollar, conveyed to Zalmon Burrett, R. B. Miller, and D. Brown, the ground in dispute, "on behalf and in trust for the Utica School-House," to them "in trust as aforesaid for ever;" with a covenant of general warranty. A subscription was raised, and a school-house erected upon the premises. This school-house was used until a new one was erected, in 1838 or 1839, which was occupied by schools established under the common school system. By deed dated 10th January, 1824, John Barr and wife also conveyed to Asa Curtis and others, and to their successors *for ever* in trust for the district formerly called Utica school district, sixty-one rods of land, lying immediately west of and adjoining the land before conveyed. Whether the new house was on the ground first or last conveyed, was disputed on the trial.

It was stated that on 20th April, 1836, John Barr and wife executed a quit claim deed for the land in dispute to John Gros-

[Barr v. Weld.]

venor, and agreed in the deed to warrant and defend the same against all persons lawfully claiming the same, " except a deed to the Sugar Grove school district." On 20th *September*, 1852, John Grosvenor and wife, for the consideration of $20, executed to *the plaintiff* a deed for the premises in dispute; and under that conveyance the plaintiff claimed title.

On 27th *April*, 1852, John Hamilton and James Woodside, the last of the trustees for the Utica School-House, conveyed the premises in dispute to " The school directors of Sugar Grove, to hold for the same purposes for which the grantors held them."

Under proceedings, commenced in June, 1852, of the directors under the common school system, part of the land conveyed by Barr and wife was sold, and another part leased to different persons, who were defendants in the action, and buildings were erected thereon. The lease of a lot to Weld, one of the defendants, was for twenty years, and was renewable at his option.

On the part of the plaintiff it was contended that as to the parts of the premises so sold or leased, an abandonment of the trust existed, or a perversion from the design of the grantor; and that the plaintiff, who was a descendant of John Barr, could recover.

McCALMONT, President Judge, charged, *inter alia*, that admitting that the school directors had conveyed the land contrary to the purposes of the trust, and have thereby abandoned such portion of it—that they have abused the trust, yet he was of opinion, on the authority of Wright v. Linn, 9 *Barr*, and of Martin v. McCord, 5 *Watts*, and other cases cited, that the defendants had shown such title as would defeat the plaintiff.

In reply to points he further charged that the deed by Barr and wife passed the legal estate absolutely in trust for the schoolhouse, and that the nonuser or misuser of portions of the ground, and the removal of the school-house, would not operate as a forfeiture of the estate; and that the plaintiff claiming in disaffirmance of or in opposition to the trust, could not recover.

Verdict was rendered for the defendants, and error was assigned to the portions of the charge referred to.

In the 14th section of the Act of 13th June, 1836, relative to common schools, it is enacted that the school directors of every school district in which the common school system has been or shall be adopted, shall have power to purchase and hold real and personal property, which may be necessary for the establishment and support of said schools, and the same " to sell, alien, and dispose of whenever it shall be no longer required for the uses aforesaid;" " and in all cases where real estate is held by trustees for the general use of the neighborhood as a school-house or its appendages, it shall be lawful for the said trustees, the survivors or survivor of them, to convey the same to the school directors

[Barr *v.* Weld.]

aforesaid, and from thenceforth the said board shall hold the said property for the same term and for the same uses for which it was granted to said trustees."

*Church, Brown,* and *Johnston,* for plaintiff in error.—The trust indicated in the conveyance by Barr and wife was not of sufficient permanency to be deemed *a charity* in its juridical sense: 9 *Barr* 438–9; 7 *Ves.* 435; 1 *Ves., Jr.* 44–5; 3 *Barr* 436, Kirk *v.* King. Where a particular use is declared in express terms, the residue results to the grantor: 2 *Story,* § 1199, 1200; 4 *Kent,* 5th ed. 307. The trustees took no beneficial interest, and hence a resulting trust, after the failure of the special use: 2 *Bin.* 393; *Hill on Trustees* 113–14; 2 *Black.* 268, 274, 284; *Id.* 152–3–4; 3 *Barr* 105, Hunter *v.* Cochran; 1 *W. & Ser.* 506; 1 *Barr* 482.

————————, contrà.—The ground conveyed was divided by a road. In 1852, the school directors of Sugar Grove, to whom the premises had been conveyed, resolved to sell, and they subsequently did sell the portion south of the road to owners of adjoining ground. The land lying north of the road being more than was required for the purposes of the school, and another school-house being required in another part of the village, the directors resolved to lease several lots, amounting to about 60 square rods, leaving about the school-house upwards of one acre. The proceeds of the sale and the rents were to be applied to the purposes of the school. Six of the defendants were school directors of Sugar Grove school district.

In the conveyance referred to in the case of Kirk *v.* King, 3 *Barr* 436, no trustees were named, and the conveyance was for a school-house and for "no other purpose." In the conveyance by Barr there is no such limitation. A school is *a charity:* 2 *W. & Ser.* 86, Morrison *v.* Beirer. That the grant referred to in Kirk *v.* King was valid, reference was made to the opinion of GREEN, J., in that case, and the authorities cited by him: see 3 *Barr* 439. In support of the grant in this case, reference was made to the cases of Martin *v.* McCord, 5 *Watts* 493; Morrison *v.* Bierer, 2 *W. & Ser.* 81; Wright *v.* Linn, 9 *Barr* 433; Griffiths *v.* Cope, 5 *Harris* 96; Kerlin *v.* Campbell, 3 *Harris* 500.

The School Act of 1836 authorizes the trustees under the conveyance by Barr and wife to convey to the school directors; and also authorizes the school directors to sell and appropriate the proceeds to the use of the school: 5 *Harris* 96, Griffiths *v.* Cope.

The opinion of the Court was delivered, December 12, 1854, by LEWIS, J.—Where the intention is to dedicate property to charitable uses there is a difference between a conveyance *on condition,* and a conveyance in trust. In the first case the grantor

[Barr *v.* Weld.]

and those claiming under him may enter for condition broken. But in the last they cannot, and the proper remedy for an abuse of the trust is an application to the chancery powers of the Court for an appointment of new trustees, or the means of compelling those already appointed to execute the trust according to the intention of the donors. In McKissick *v.* Pickle, 4 *Harris* 148, it was declared that "the grant, being for a charity, could not be forfeited for *nonuser;* nor for *misuser,* except under an *express condition* or contract."

It is true that there was a misapplication of this rule of law in that case, as subsequently shown when it came up a second time for decision; but the principles there stated were reaffirmed: Pickle *v.* McKissick, 9 *Harris* 232. In the case before us there is a conveyance to trustees "and their successors for ever," "in trust for the Utica School-House." There is no express condition or contract giving to the grantor or his heirs the right to enter for condition broken, or for misuser. He had, therefore, no right to maintain an ejectment, and the plaintiff, claiming under him, is in the same predicament.

By the 14th section of the Act of 13th June, 1836, and subsequent enactments, the trustees or their survivors might convey to the school directors of the proper district: and the latter would hold the legal estate for the same term and the same use for which it was granted to the said trustees. The beneficiaries had an equitable estate in perpetuity, according to the manifest intention of the grant; and the school directors, under the statute, acquired the fee simple for the same uses. The sale of it, when the exigencies of the trust required it, although a *conversion* of real estate into personalty, was not a diversion of the property from the purposes of the trust. On the contrary, a sale, with a proper application of the proceeds, is frequently the best method of executing such a trust: Griffiths *v.* Cope, 5 *Harris* 97. We infer, from what is said in the charge, that the surviving trustees conveyed to the school directors, and that the defendants in possession claim under the latter. There is no allegation that the school directors are not providing the means of education to the persons intended to be benefited by the original grant. Nor is it pretended that they are misapplying the proceeds of sale to objects not contemplated by that grant. We therefore see no cause of complaint. Be that as it may, however, it is clear that the plaintiff is not entitled to recover.

Judgment affirmed.