JOHN E. WOODS, Appellee, v. EVALYN ALLEN AND REUBEN
ALLEN, Appellants.

Quieting Title: FRAUDULENT CONVEYANCE: ERRONEOUS RECITAL
1  IN DECREE. In an action to quiet title it appeared that de-
fendants were husband and wife and that the husband had
foreclosed a mortgage on the property in controversy, the wife
being the purchaser at the sale to whom a sheriff's deed issued.
A decree in a creditor's suit against defendants set the convey-
ance aside as fraudulent and established a lien in their favor
against the property, but erroneously recited that the husband
assigned the sheriff's certificate to the wife. *Held*, that such
error did not operate to defeat the decree.

Pleadings: RES ADJUDICATA. Where the plaintiff in an action to
2  quiet title to land bought at an execution sale under a decree
establishing the lien of the judgment pleads in his petition
all of the proceedings leading up to the deed under which he
claims, he is not required to plead them again in his reply to
take advantage of the former adjudication.

*Appeal from Polk District Court.*—HON. S. F. PROUTY,
Judge.

WEDNESDAY, FEBRUARY 10, 1904.

ACTION to quiet plaintiff's title to a lot in the city of Des
Moines. Defendant Evalyn Allen claimed to be the owner
thereof under a sheriff's deed resulting from foreclosure pro-
ceedings instituted by her husband and co-defendant to fore-
close a mortgage held by him at the time the decree was ren-
dered. The trial court granted the relief prayed in the peti-
tion, and the defendants appeal.—*Affirmed.*

*Wm. M. Wilcoxen* for appellants.

*Dunshee & Dorn* for appellee.

DEEMER, C. J.—The property in controversy is known
as "Lot 10, block 4, in plat 1, College Park Addition to

Highland Park," now within the limits of the city of Des

**1. QUIETING title: fraudulent conveyance; erroneous recital in decree.**

Moines. Reuben Allen at one time held a mortgage on this property, which he foreclosed against the then owners, his wife being the purchaser at the foreclosure sale. As the then owners did not redeem, a sheriff's deed was issued to the wife, Evalyn Allen. This deed was executed April 30, 1895. Thereafter, and on the 8th day of May, 1896, Anna S. Woods, a judgment creditor of Reuben Allen, commenced action by creditors' bill to subject this lot and other property to the payment of her judgment, alleging that Evalyn Allen's title thereto was fraudulent, and that the property in fact belonged to Reuben. That case was tried in the district court, and on June 30, 1897, a decree was entered dismissing Anna S. Woods' petition. On appeal to this court that action was reversed, and the property was held subject to Anna S. Woods' judgment. See *Woods v. Allen,* 109 Iowa, 484. The case was remanded to the district court for a decree in harmony with the opinion of this court. When the case again reached the district court, a decree was entered, from which we quote the following: "It is therefore ordered, adjudged, and decreed that the issues are found for the plaintiff; that said conveyances wherein the defendant Reuben Allen conveyed to the defendant Evalyn Allen the following described real estate, to wit: Lots thirteen (13) and fourteen (14) of E. M. Kelsey's Subdivision of the north four hundred and forty-six (446) of the west one hundred and four and one-half (104½) feet of lot forty-six (46), official plat of government lot three (3), and the southwest quarter (¼) of section thirty-four (34), township seventy-nine (79), range twenty-four (24) west fifth P. M., Iowa; and also wherein the said Reuben Allen assigned the sheriff's certificate of purchase of lot ten (10) in block four (4) in plat one (1) of College Addition to Highland Park, both of said properties now being included in the corporate limits of the city of Des Moines, Iowa—were and are as to the plaintiff null and void, and that the same be and are

as to plaintiff's said judgment hereby set aside and held to be of no effect. It is further ordered, adjudged, and decreed that plaintiff's said lien be established against all of the above-described real estate from the date of the service of the notice herein, to wit, the 8th day of May, 1896, and that the defendants pay the cost of this action, taxed at $————, and that in default thereof execution issue therefor." Thereafter the property in dispute was sold under general execution, and as a result thereof a deed was issued by the sheriff conveying the property to the plaintiff herein. This action followed. Plaintiff relies upon his deed obtained pursuant to the sale had on the decree which was entered by the district court after reversal in this court; while defendant contends that that decree is not binding, for the reason that the property was not properly described in the decree, and that there was in fact no decree subjecting it to a judgment held by Anna S. Woods.

The allegation with reference to this lot in the creditors' bill filed by her was as follows: "That defendant Reuben Allen was wholly insolvent, and that he had made a pretended assignment of the sheriff's certificate of purchase of the lot in question; all with the intent to hinder, delay, and defraud the plaintiff, and that defendant took it with like intent." She asked that the conveyances be set aside, and that her judgment be declared a lien upon the property. The object of the action was to subject the property to the payment of the judgment held by Anna S. Woods. It resulted in the decree from which we have hitherto quoted. On the trial of the creditors' bill it was conceded by the defendants "that the loan on the property in dispute was made in the name of Reuben Allen, foreclosed in his name, and bid in by him, and that the sheriff's deed was issued to Evalyn Allen." It will be observed that at the time of the commencement of the proceedings to subject the lot Evalyn Allen had title thereto by sheriff's deed made under the mortgage foreclosure proceedings, and that she did not in fact secure an assignment of the sheriff's certificate from her husband. In

view of the concession to which we have referred, we think the district court in rendering the decree in the proceedings by creditor's bill, was justified in assuming that there had been an assignment of the certificate of sheriff's sale, and that defendants are in no position now to assert that there was no assignment to be set aside, and that the decree was inoperative upon the lot in question. Moreover, it will be observed that the decree in the proceedings to subject the property to the payment of Anna S. Woods' judgment expressly establishes the lien thereof against the lot in question. That was the purpose of the action, and the misdescription of the method whereby defendant Evalyn Allen obtained title to the lot is not important. The lot is accurately described, and it was expressly decreed that the Woods judgment was a lien thereon. The mere fact that there was in fact no assignment of the certificate of purchase on the mortgage foreclosure is not sufficient to defeat that decree.

Defendants say that plaintiff is in no position to advantage himself of that decree, for the reason that he has not pleaded former adjudication or *res adjudicata;* that such defense must be specially pleaded, and that, 2. PLEADINGS: res adjudicata therefore, he must fail. This contention is entirely without merit. Plaintiff does plead all the proceedings leading up to the execution of the deed under which he claims, and is entitled to the benefit of these proceedings, without any special plea in reply to defendants' answer. If these proceedings constitute an adjudication, or afford him ground to rely upon the doctrine of estoppel, he is entitled to avail himself thereof, for the reason that they constitute the cause of action pleaded by him, and he was not required to again plead them in reply to defendants' answer.

The decree in this case is manifestly correct, and it is AFFIRMED.