### J. R. CALLAGHAN v. THE STATE.

#### No. 143.   Decided November 24, 1909.

**1.—Scire Facias—Description of Offense—Felony—Misdemeanor.**

Where a *scire facias* alleged that the principal in the bond was charged with the offense of swindling, which is *eo nomine* an offense under the statutes, the same was sufficient under article 479, Code of Criminal Procedure, and it was not necessary to state therein whether such offense was a felony or a misdemeanor.

**2.—Same—Statutes Construed—Bail Bond.**

While under article 309, subdivision 3, Penal Code, as amended by the Act of April 17, 1899, the bail bond in describing the offense must state whether the same is a felony or a misdemeanor, it is not necessary under article 479, Code of Criminal Procedure, which was not amended by said Act, to state in the *scire facias* more than a description of the offense, and where the latter is defined *eo nomine* by statute such description is sufficient.

**3.—Same—Date of Bond—Judgment—Surplusage.**

Upon appeal from a judgment final upon *scire facias* on a forfeited bail bond, where it appeared that the date of the bond was not correctly recited in the judgment, there was no reversible error, as this could be treated as surplusage. Following Woods v. Allen, 98 N. W. Rep., 499.

Appeal from the District Court of Jasper. Tried below before the Hon. W. B. Powell.

Appeal from a final judgment of a forfeited bail bond in the sum of $300.

The opinion states the case.

*Dougherty, Conley & Gordon,* for appellant.—On question that the scire facias must show whether the principal is charged with a felony or misdemeanor: Nichols v. State, 47 Texas Crim. Rep., 406, 11 Texas Ct. Rep., 838; Thompson v. State, 17 Texas Crim. App., 318; Edwards v. State, 29 Texas Crim. App., 452; Hanna v. Wells, 4 Oregon, 249; 5 Cyc., 141. On question of date of bond in judgment: Arlington v. State, 13 Texas Crim. App., 554; State v. Cox, 25 Texas, 404; Brown v. State, 28 Texas Crim. App., 297.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—On the 8th day of July, 1907, J. R. Callaghan, with others, became surety on the bond of Joe Davis, who was charged by indictment, duly presented to the District Court of Jasper County, with an offense which is thus described in such bond: "with the offense of a misdemeanor, to wit: Swindling property acquired value $15." Their principal failing to appear on December 2, 1907, judgment nisi was rendered against Davis and all the sureties in proper form. On the 4th day of May, 1908, scire facias issued to the sureties to show cause why such judgment nisi should not be made final. This scire facias in every respect conformed to the law, unless it be in the description of the offense. It recites that sureties therein named went upon the bond conditioned for the appearance of Davis in a charge wherein said Davis "is charged with the offense of swindling." Thereafter, on the 9th day of December, 1908, the cause came on for trial, and on said day judgment final was rendered against Davis as principal, and all of his sureties, as such, for the sum of $300, the amount of the bond aforesaid. This judgment contains a number of misrecitals, for instance, the date of the bond is alleged to have been July 8, 1908, and that the judgment nisi was rendered on the 2d day of July, 1908.

1. The principal contention of appellant is that inasmuch as the scire facias does not in terms set out whether the offense of which appellant was charged was a felony or misdemeanor, that it is insufficient, and they rely in support of this contention principally upon the case of Nichols v. State, 47 Texas Crim. Rep., 406, 11 Texas Ct. Rep., 838. We do not believe their contention is sound. They seem to overlook the fact that the terms of the statute touching the description of the offense, where such description is required in the bond itself, are different from the language of the law where it is required to be named in the scire facias. In the Nichols case, supra, it was held that under article 309, subdivision 3, of the Criminal Code, as amended, that a bail bond which recites that the principal is charged with embezzlement does not show whether the offense is a felony or a misdemeanor. It is stated in that case that under the old law this would have been sufficient. Article 309, as provided by the amendment of April 17, 1899, is as follows: "A bail bond shall be sufficient if it contain the following requisites: 3. If the defendant is charged with an offense that is a felony, that it state that he is charged with a felony. If the defendant is charged with a misdemeanor, that it state that he is charged with a misdemeanor." The old article of the statute, as it theretofore stood, was to this effect: 3. "That the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the State." Now, article

479 of the Code of Criminal Procedure provides: "A citation shall be sufficient if it contain the following requisites: 4. It shall state the date of such recognizance or bail bond and the offense with which the principal is charged." Under this article it has been uniformly held that if the offense charged against the accused be one which is by the statute made a distinct crime, eo nomine, it is sufficient to state it by its name both in the recognizance or bail bond and in the writ of scire facias. Brown v. State, 28 Texas Crim. App., 65; La Rose v. State, 29 Texas Crim. App., 215. This was before the amendment of 1899 touching bail bonds. It will be observed, however, that no corresponding amendment was made in the article of the Code of Criminal Procedure touching the requisites of scire facias. We can readily understand the importance of bail bonds reciting whether the offense is a misdemeanor or a felony, as that might give direction and control as to the court in which such bond should be returned, and in which the accused would be answerable. There would seem to be little or no reason why in a scire facias such provision should be required since the scire facias itself gives notice of the court from which it issues and to which answer is to be made. In any event the change was not made, and in line with the unbroken decisions of this court, the offense being described as one known to the law, and one in terms denominated as an offense eo nomine in the decision relied on in the Nichols case, supra, we think it must be held the scire facias was sufficient.

2. We attach no importance to the fact that in the judgment there are a number of misrecitals as to dates. It is not required that these matters should be recited in the judgment at all. It does by its terms adjudicate and distinctly determine the liability of the parties. The fact that the date of a bond is not correctly recited, is a matter of no consequence and importance, and will be treated as mere surplusage. Woods v. Allen, 98 N. W. Rep., 499.

Finding no error in the proceedings, it is ordered that the judgment be and same is hereby in all things affirmed.

*Affirmed.*

Brooks, Judge, absent.