CEDAR COUNTY, Appellee, v. W. J. MOORE, Guardian, Appellant.

**PLEADING: Matters Requiring Specific Pleading—Compromise and Settlement.** A settlement must be specifically pleaded. (Sec. 3629, Code, 1897.) The pleader cannot do this by causing the trial court to enter a notation of his claim on the calendar.

**APPEAL AND ERROR: Review—Scope—Record Presented—Sufficiency.** It is quite elementary that he who complains of error must present enough of the record to enable the court to determine the question.

*Appeal from Cedar District Court.*—W. N. TREICHLER, Judge.

SATURDAY, DECEMBER 18, 1915.

ACTION by Cedar County as plaintiff to recover from the guardian of Nancy M. Hillyer, a person of unsound mind, the amount of the disbursements made by the county in her behalf in her maintenance at the asylums of the state in Mount

Pleasant and Independence. The case was tried to the court without a jury. Judgment was entered for the plaintiff for the amount of such disbursements. The defendant has appealed.—*Affirmed.*

*W. G. W. Geiger,* for appellants.

*D. D. McGillivray,* for appellee.

EVANS, J.—The defendant's ward, Mrs. Hillyer, was committed to the asylum at Mount Pleasant July 17, 1878, and with some intermissions, there continued until August 30, 1902. At this latter date, she was committed to the asylum at Independence, and there continued until the time of the trial herein. The plaintiff county paid to the state of Iowa in her behalf a statutory charge of $12 per month. Counsel for the defendant admits liability at such rate for all disbursements made since November, 1897. He denies liability for all disbursements made prior to such date. He bases such denial of liability upon the claim that a settlement was had at that time with the then guardian of Mrs. Hillyer. He introduced evidence to the effect that a suit was brought at that time by the present plaintiff for $2,940, and that such suit was afterwards settled, and so marked upon the court records. This testimony was received subject to objection as incompetent, immaterial and irrelevant. The court did not in terms rule upon it. The effect of the finding of the court, however, was to ignore the claim, further than that an item of $936 was allowed the defendant, as having been paid at such time. The question argued is whether the evidence offered disclosed a settlement upon such date. No settlement was pleaded. The question is, therefore, quite precluded. The appellant contends that he did plead such settlement, and, in support of such contention, relies upon the fact that, after the submission of the case, and before the entry of judgment, the trial court made the following notation upon his calendar: "De-

1. PLEADING: matters requiring specific pleading: compromise and settlement.

fendant claims all items prior to November 16, 1897, settled in former suit.'' We do not think that this notation was available to the defendant as a pleading, nor was the evidence available without a pleading. There was no error, therefore, on the part of the trial court in ignoring the testimony nor in overruling the objection thereto.

It is further urged by the appellant that the evidence introduced by the plaintiff failed to prove payment for all the quarters covered by the period of the patient's confinement.

2. APPEAL AND ERROR: review: scope: record presented: sufficiency. A large number of vouchers appear to have been introduced and appropriately identified. The contention of appellant is that there are some omissions. The record presented to us here does not enable us to determine this question. The abstract shows the introduction in evidence of certain exhibits under the designations by which they were identified, as Exhibit F, Exhibit F-1, Exhibit F-2, etc. The abstract does not set forth the contents of any exhibit. The record before us, therefore, will not permit the consideration of such question. Indeed, quite independently of the mere vouchers, we think the evidence was sufficient to show that the county had paid in accordance with the requirements of the statute all the statutory charges for the maintenance of the patient during the entire period of time. The amount, therefore, was a mere matter of computation. The record before us discloses no reversible error. The judgment is, therefore,—*Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.