BOONE BIBLICAL COLLEGE, Plaintiff, Appellee, v. L. S. FORREST, Defendant, Appellant, CHARLES OTIS et al., Interpleaders, Appellees.

No. 43932.

SEPTEMBER 28, 1937.

REHEARING DENIED JANUARY 14, 1938.

Missildine, Maley, Witmer & Todd, for plaintiff, appellee.

Leland S. Forrest and Orebaugh, Sloane, Ash & Myers, for defendant, appellant.

Missildine, Maley, Witmer & Todd, for interpleaders, appellees.

DONEGAN, J.—On and prior to February 19, 1925, Sarah E. Davis, a widow, was the owner of the east half of the north sixty acres of the northwest quarter of section 19, township 79, range 23, west of the 5th P. M., Polk County, Iowa, except the right of way of the Inter-Urban Railway Company, and a piece of land about three acres lying northwest of said right of way. On that date she signed and acknowledged a warranty deed conveying this land to the Boone Biblical College. Following the description of the land this deed contained the statement: "Said land to be used for educational purposes and religious purposes only."

On July 27, 1925, the said deed, along with other deeds to other grantees, was deposited by Mrs. Davis with the Capital City State Bank of Des Moines, Iowa, accompanied by a letter, of which the following is a copy:

"Des Moines, Iowa, July 27, 1925.

"This certifies that I have left with the Capital City State Bank deeds to certain real estate now owned by me and described therein, which deeds are to be held by said bank as trustee for the grantees named in said deeds and to be delivered to the grantees named in said deeds only in case of my decease. Said deeds to

be returned to me on demand by me; otherwise, to be delivered to said grantees. [Signed] Sarah E. Davis."

On this letter there also appears this statement:

"The Capital City State Bank acknowledges receipt of said deeds subject to above. August 20, 1925.
"[Signed] Will A. Luge, Cashier."

Thereafter, Mrs. Davis moved to California where she continued to reside until her death in 1927. At the time of her death the deed here involved was still in the possession of the Capital City State Bank, together with the other deeds referred to in the said letter of July 27, 1925. After the death of Mrs. Davis and before any delivery of the deeds was made by the bank, Charles Davis, the adopted son and the only child and heir of Mrs. Davis, and also the residuary devisee under her will, commenced an action in the district court of Polk county, Iowa, to enjoin the bank from delivering the said deed to the Boone Biblical College. Issue was joined in said action and, upon trial thereof, a decree was entered dismissing the plaintiff's petition.

Thereafter, the deed in question was delivered to the Boone Biblical College, the plaintiff and appellee in this action, by whom it was duly recorded. The land described in the deed was unimproved land. Following the receipt and recording of such deed, the Boone Biblical College rented the land to a tenant for agricultural purposes, and it continued to be used for such purposes at all times thereafter. On the 22d day of September, 1931, the Boone Biblical College executed an instrument designated as a warranty deed conveying this land to Charles Otis, but this instrument was never recorded. Some time after the execution of this deed to Otis, Charles Davis re-entered on the land and claimed to own it, as the only child and sole heir at law of Sarah E. Davis. Following such re-entry, said Charles Davis, on February 3, 1933, executed and delivered a warranty deed covering the land in question to L. S. Forrest, the defendant and appellant in this action.

■■■ This action was commenced by the Boone Biblical College, on April 27, 1935, to quiet its title to the said thirty acres, under its deed from Mrs. Davis, against any and all claims of said L. S. Forrest, who, the petition alleged, made some claim to said land also originating with said Mrs. Davis. The defendant's

answer admitted that he made claim to the land, but denied all other allegations of the petition. In a cross petition the defendant alleged that he was the absolute owner in fee simple of the land, that plaintiff makes some claim adverse to defendant, and asked that defendant be decreed to be the absolute owner in fee simple of the land, and that plaintiff be barred and estopped from having or claiming any title thereto adverse to him. By order of the trial court, Charles Otis and Otis Lumber Company were made parties, and as interpleaders filed their appearance and reply to the defendant's answer, in which they alleged that they hold an unrecorded deed covering the land, executed by the plaintiff as security for indebtedness incurred by plaintiff to them; that, in 1929, a decree was entered in the case of Davis, plaintiff, v. Boone Biblical College, in which the title to the property involved in this action was quieted in the Boone Biblical College against Davis; that this decree constituted a former adjudication of the title to the land here involved, and quieted such title in Boone Biblical College, the immediate grantor of the interpleaders, as against the claim of Charles Davis, the immediate grantor of the defendant, Forrest. Interpleaders incorporated in their answer the prayer of plaintiff's petition and joined therein, and asked that the title to the property involved be quieted in plaintiff and interpleaders as against the claims of the defendant, Forrest. Defendant, Forrest, filed what he calls a defense to the pleading of the interpleaders, in which he alleged that, the prior litigation between his grantor, Charles Davis, and the Capital City State Bank involved no issue other than the sufficiency of the delivery of the deed from Mrs. Davis to the Boone Biblical College; that, under a provision in said deed, such conveyance was subject to the condition that the said land could be used for educational and religious purposes only; that plaintiff had breached this condition by deeding the land to third parties who did not and could not use it for educational and religious purposes; that, after such breach of the condition of said deed, Charles Davis, the sole heir of Sarah E. Davis, re-entered upon the land and claimed the same, and thereafter deeded the same to this defendant. Defendant also filed an amended answer and cross-petition to plaintiff's petition, alleging the execution and deposit with the Capital City State Bank of the deed, containing the provision that "said land be used for educational purposes and religious purposes only," the delivery to and acceptance of said deed by

plaintiff, the taking possession of said land and breach of said condition by plaintiff, and the re-entry upon said land and claiming of title thereto by Charles Davis, the sole heir of Sarah E. Davis.

One of the grounds on which the appellee contends that the appellant has no claim to the land is that appellant's claim is based on his deed from Charles Davis, and that any claim of Charles Davis was adjudicated adversely to him prior to the execution of the deed from him to appellant. Appellant, on the other hand, contends that the appellee did not plead, in this action, the adjudication on which it now attempts to rely; that the only matter that was in issue and could have been adjudicated in the former action was the sufficiency of the delivery of the deed to Boone Biblical College, made by Sarah E. Davis to Capital City State Bank; and that the only adjudication made by the trial court in the former action was that the plaintiff's petition be dismissed. An examination of the record before us shows that the only pleadings in this action, in which any reference is made to any adjudication contained in the decree in the former action, are the appearance and reply of the interpleaders to defendant's answer, and the defendant's defense to the pleadings filed by the interpleaders. Neither plaintiff's petition nor the amendment thereto contains any reference to the former action or to any issues raised or adjudicated therein and, so far as the record shows, these were the only pleadings filed by the plaintiff in this case. The rule seems to be well established in most jurisdictions, including our own, that a party, who desires to set up a prior adjudication as a bar to a claim made by an opposing party, must properly plead such adjudication before evidence will be admissible in regard to it. 34 C. J., 1055; Johnson v. Farmers Insurance Company, 184 Iowa 630, 168 N. W. 264; Cedar County v. Moore, 173 Iowa 286, 155 N. W. 277; Majestic Co. v. Ira D. Davis Co., 170 Iowa 5, 151 N. W. 1069; In re Heaver's Estate, 168 Iowa 563, 150 N. W. 698; Lambert v. Rice, 143 Iowa 70, 120 N. W. 96; Woods v. Allen, 122 Iowa 695, 98 N. W. 499. In our opinion, therefore, all evidence in the record as to a former adjudication, having been introduced over the defendant's objections thereto, and being without any pleading to support it, as far as plaintiff's claim against the defendant was concerned, was inadmissible and cannot be considered as establishing a bar to the defendant's claims in this action.

■■■ As already stated, appellee bases its claim of title to the land in question on its deed from Sarah E. Davis. The general denial in appellant's answer put in issue not only the execution of this deed by Sarah E. Davis but also the delivery of this deed to the appellee.

■■■ Appellant contends that such deed conveyed no title or interest whatever to the appellee, because the delivery made by Sarah E. Davis did not take it out of her power to revoke or reclaim it.

Although denied by the general denial in defendant's answer, there is no dispute in the evidence that the deed in question was signed and acknowledged by Sarah E. Davis, and was by her placed in the possession of the Capital City State Bank along with the letter of July 27, 1925. The appellant contends, however, that, because the letter contained the statement,—"said deeds to be returned to me on demand by me; otherwise, to be delivered to said grantees," there was no delivery of the deed in question which placed it beyond the control of Sarah E. Davis with intent that it operate as a conveyance and vest a present interest in the grantee. In support of this contention appellant cites several Iowa cases. The cases cited by appellant, however, are not such as, in our opinion, establish the attitude of this court, on the question here presented, to be as contended by appellant. In the case of Davis v. John E. Brown College, 208 Iowa 480, 489, 222 N. W. 858, 862, the sufficiency of the delivery of one of the other deeds, executed by Sarah E. Davis and by her placed in the bank along with the very deed here involved, was under consideration. The same question which is here raised was very carefully considered and all our former decisions in reference thereto very carefully analyzed in an exhaustive opinion by Mr. Justice Faville, in which the trial court was reversed and it was held by this court that the delivery was sufficient. In the course of that opinion, it is said:

"Logically, there seems to be no escape from the conclusion that, if such a grantor, instead of placing the deed in his own box and under his immediate control places it in the hands of a third party, reserving the right to recall it, but fails to do so, and the extrinsic evidence shows an intention that the title should pass under the deed unless it was so recalled, this also constitutes a good delivery. In either case, the grantor has the right and the

physical ability to destroy the instrument, and if delivery is good in one instance, it would appear to be good in the other. In the case at bar, the grantor placed the deed, with others, in the custody of the cashier of the bank. She expressed an intention that the deeds should be delivered unless recalled by her during her lifetime. She did not so recall them, although she had power so to do. Had she exercised such power, there would, of course, have been no delivery. But logically, we see no escape from the conclusion that, under the rule heretofore announced in this state, the delivery of the deed to the depositary, with intent that it shall be delivered by the depositary to the grantee named, unless recalled by the grantor, and where the grantor failed to exercise such power of recall or to revoke the power vested in the depositary, and did not evidence an intent contrary to the original one under which the deed was deposited with the custodian, and where the latter, upon the death of the grantor, delivered the deed to the grantee, there was a valid delivery of the instrument.

"It may be that the rule announced herein is contrary to the weight of authority in the country, but it is a rule of long standing in this state, and is consistent with our previous cases. We are not disposed to depart from it at this time."

In the case of Robertson v. Renshaw, 220 Iowa 572, 261 N. W. 645, the cases were again reviewed, an exhaustive quotation from the case of Davis v. John E. Brown College, supra, was set out, and the rule therein announced was reaffirmed. We think the finding of the trial court in the instant case was sufficiently supported by the evidence, under the rule set out in the Davis and Robertson cases, supra, and the cases therein cited and discussed, and we see no reason for disturbing such finding.

 We now come to the crucial question in this case—does the statement in the deed, "Said land to be used for educational purposes and religious purposes only," constitute such a condition as, if breached, would terminate, or give to Charles Davis, as the only heir of Mrs. Davis, the right to divest the plaintiff's title to the land conveyed? Appellant claims that this statement in the deed constituted either a conditional limitation, the breach of which would terminate *ipso facto* all of the appellee's rights therein; or, at least, a condition subsequent, the breach of which would give the defendant's grantor, Charles Davis, a right of

re-entry and forfeiture of the title of the appellee. It becomes necessary, therefore, to determine whether or not this statement in the deed does constitute either a conditional limitation or a condition subsequent. In 18 C. J., 301, in explaining the difference between a condition and a limitation, it is said that, "in the case of a condition, the estate is not terminated ipso facto by the happening of the event upon which it may be defeated, while in the case of a limitation, it passes at once by way of reverter to the grantor, or, in the case of a limitation over, to the person to whom it is limited, upon the happening of the event which fixes the limitation. It results from this distinction that the usual technical words by which a limitation is expressed relate to time, differing from those expressing a condition." In a note in 11 L. R. A. (N. S.) on page 511, following the case of Adams v. First Baptist Church, 148 Mich. 140, 111 N. W. 757, 11 L. R. A. (N. S.) 509, 12 Ann. Cas. 224, it is said:

"The most important difference between an estate devised upon condition and one conditionally limited is that the former is not *ipso facto* defeated when the condition is broken, while the latter automatically terminates when the condition ceases to be fulfilled. The former estate is not divested until the grantor or his heirs take advantage of the breach of condition and re-enter. (Citing cases.) In the latter case, on the other hand, the estate terminates by its own limitation whenever a breach of the condition occurs. The title to the premises passes at once from the grantee to another without affirmative action. * * *

"A condition determines an estate after a breach, upon entry or claim by the grantor or his heirs, or by the heirs of the devisor. A limitation marks the period which determines the estate without any act on the part of him who has the next expectant interest."

The provision of the deed here involved does not "relate to time" and does not mark "the period which determines the estate without any act on the part of him who has the next expectant interest," and we think it quite clear that the estate granted to the appellee by the deed in question was not restricted by a conditional limitation.

 Was the estate conveyed to the appellee under the deed in question restricted by a condition subsequent? Appellee places great reliance on the rule that such conditions are not favored

either in law or in equity, and cites many authorities in which this rule has been applied. A statement of this rule appears in 18 C. J., 363, as follows:

"Conditions subsequent working a forfeiture of the estate conveyed should be strictly construed, as such conditions are not favored in law, and are to be taken most strongly against the grantor to prevent such forfeiture."

Appellant, on the other hand, does not deny the existence of the rule, but contends that it does not apply in cases such as this, where the conveyance was a gift and not for a valuable consideration, and cites many cases in support of his contention. It must be conceded that, where a conveyance of real estate is made as a mere gift and without consideration, there are many cases holding that the rule of construction against conditions subsequent will not be applied as strictly as where a conveyance is made for a valuable consideration. This question is quite fully annotated in 47 A. L. R. at page 1181, and the editor's conclusion is therein stated as follows: "It would seem, however, that where the grant is purely voluntary, or for a nominal consideration, there is more reason to believe that a conditional estate was intended, and not an absolute estate." In any event, we do not think that the authorities can be said to go to the extent of establishing the rule for which appellant appears to contend, that, where there is no consideration, the general rules of construction in regard to conditions subsequent will not be applicable. On the contrary, we think that where, as in this case, a conveyance is made to a charitable institution for the purpose of carrying out religious and educational work, a statement such as that in the deed here involved, in regard to the use of the land, will be construed as a covenant or as establishing a trust, rather than as a condition subsequent, unless the language is such as clearly to indicate a contrary intention. In the case of Adams v. First Baptist Church of St. Charles, 148 Mich. 140, 111 N. W. 757, 758, 11 L. R. A. (N. S.) 509, 12 Ann. Cas. 224, there was involved a devise of real estate to a religious corporation "to be used as a parsonage and nothing else, and to be kept for that purpose and used for nothing else." The plaintiff claimed that this constituted a condition subsequent which had been broken, and that he, having reentered the property after such condition broken, was

entitled to have the land forfeited to him. In the course of the opinion it is said:

"There are two constructions, either of which is, I think, more reasonable than the one contended for by plaintiff. One, and the one to which I most incline, is that this property was given to the church absolutely, with a direction merely to use it in a specified way, subject, however, to the controlling power of the society as owner. The other is that the gift was for the purpose and purposes of a parsonage for the church, with a declared limitation of the use to which the property or its proceeds should be devoted by the trustees, as the exigencies, growth, or convenience of the society should require. The property has been devoted to the stated use, not indeed by being at all times occupied by the pastor, although, if not so occupied, its use and the rents and profits thereof have been uniformly tendered to him. As we are required to ascertain and declare the intention of the testatrix, decided cases are of little aid."

See, also, Stanley v. Colt, 5 Wall. 119, 18 L. Ed. 502; Barr v. Weld, 24 Pa. 84; Mills v. Davison, 54 N. J. Eq. 659, 35 A. 1072, 35 L. R. A. 113, 55 Am. St. Rep. 594; Brown v. Caldwell, 23 W. Va. 187, 48 Am. Rep. 376; Baldwin v. Atwood, 23 Conn. 367; Strong v. Doty, 32 Wis. 381; Griffitts v. Cope, 17 Pa. 96; Olcott v. Gabert, 86 Tex. 121, 23 S. W. 985; Ryan v. Porter, 61 Tex. 106.

In the case of Fitzgerald v. Modoc County and Dunaway, 164 Cal. 493, 129 Pac. 794, 44 L. R. A. (N. S.) 1229, the plaintiff, for a valuable consideration, conveyed certain land to Modoc County "to be used as and for a county high school ground and premises, for the county of Modoc, state of California." The defendant, Modoc County, later conveyed this land to the defendant, Dunaway, and the plaintiff sued, asking that the land be forfeited to him on account of a breach of the condition subsequent which he alleged was contained in the deed. The lower court held in favor of the plaintiff, but, in reversing the lower court, the supreme court of California said:

"Under no decision of this or any other court, within our knowledge, has language such as is here used ever been construed to create a condition subsequent. At the least, it is but a declaration of the purpose for which the grantor expected the land would be used. At the most, it is but a covenant. * * *

"We are not forgetful of the principle which holds in mind the circumstances under which such a deed is made, and the fact whether or not an adequate consideration has been paid therefor by the grantee. [Citing cases.] These facts and circumstances, of course, cannot tend to enlarge or restrict the estate actually granted. They are of value only as an aid in arriving at the actual intent of the parties.

"But, whatever that actual intent may have been, it must have found adequate expression in the deed itself before it can be given either legal or equitable efficacy."

 As indicated by the quotations above set out from the cases of Adams v. First Baptist Church and Fitzgerald v. Modoc County and Dunaway, the really important consideration by which the courts were guided in reaching their decisions was the intention of the testator, in the one case, and of the grantor, in the other. We think an examination of the cases generally indicates that, whether the conveyance be a voluntary gift or for a valuable consideration, the intention of the testator or the grantor, as the case may be, is always the controlling factor in determining whether the estate transferred is restricted by a condition. Of course, if the language is plain and unequivocal, and indicates an intention to restrict the estate transferred by a limitation or a condition, there is no ground for the application of rules of construction, and the courts will enforce the intention of the testator or grantor as expressed by the language used. On the other hand, courts will not lend their aid to defeat the intention of a testator or grantor by the application of technical rules of construction to a single statement in a will or deed, from which it might be reasoned that there was a possible intention to restrict the estate conveyed by a limitation or condition, and exclude all other rules of construction in determining such intention. As in the construction of other instruments generally, where the language is such as to leave doubt as to the intention of the testator or grantor, such intention will be arrived at, not by a consideration of a single statement by which such doubt is created, but by a consideration of the entire instrument itself, in the light of the conditions and circumstances under which it came into existence. See, also, Annotation and cases cited in 6 L. R. A. (N. S.) 963, and Annotation and cases therein cited un-

der heading "Intention of Parties" appearing in 11 L. R. A. (N. S.), beginning on page 515.

With this controlling rule as to the intention of the donor in mind and directing our attention to the deed involved in this case, we find that it recites a consideration of one dollar, conveys the premises therein described to the appellee herein, covenants to warrant and defend said premises against the lawful claims of all persons whomsoever, and is in form a warranty deed conveying an absolute title in fee simple, unless the statement therein, "said land to be used for educational purposes and religious purposes only," is a restriction on the estate conveyed and constitutes a condition subsequent. This statement immediately follows the description of the land and is immediately followed by the warranty. The statement itself does not say that it is a condition, or that the land itself is to be used as a place where educational and religious activities are to be carried on, or that unless it is used directly for educational and religious purposes the heirs of the grantor shall have the right to re-enter and forfeit the title of the grantee. Neither in the statement itself nor in any other part of the deed does there appear the word "provided" or "condition", or the words "on condition" or "so as", or other expressions that have acquired a technical signification in connection with language indicating the creation of a condition subsequent. Neither the statement itself nor any other part of the deed contains any language having any reference to a re-entry and forfeiture for condition broken. While the use of such technical words or of an express provision for re-entry and forfeiture is not an absolute prerequisite to the creation of a condition subsequent, the failure to use them, or to use other language clearly indicating the creation of such condition subsequent, is an important consideration as indicating the absence of an intention that the estate conveyed is restricted by such a condition.

Nor is there anything in the conditions and circumstances under which this deed was executed to indicate an intention on the part of the grantor that the estate conveyed was to be restricted by a condition subsequent. The record shows that the Boone Biblical College, to which the land was deeded, is a charitable institution; that it is primarily a bible school and also conducts a children's home and an old people's home; that such of its inmates as are able to pay do so, but that those who are not able to pay are cared for; and that it is maintained by gifts and

donations. This institution is located at Boone, Iowa, where it has its buildings and equipment and conducts its activities. It is reasonable to assume that Mrs. Davis was familiar with the nature of and the work done by this institution, when she executed the deed, and that she desired to aid it in the work it was performing. The land conveyed by the deed is situated in Polk county, several miles north of the city of Des Moines, Iowa, some distance from a paved road, and is unimproved agricultural land. There is nothing in the evidence to indicate that there was any intention on the part of Mrs. Davis that the grantee was to build any buildings on this land, that it was to move its institution from Boone and locate it on this land, or that the educational and religious activities conducted by it were to be performed on this land. We think all the facts and circumstances warrant the inference that it was the intention of Mrs. Davis that the land conveyed to the appellee was to be used for the benefit of the appellee in carrying on its activities, and not that these activities must be performed on the land itself.

In our opinion, therefore, the estate conveyed to the appellee by the deed here in question was not restricted by either a limitation or a condition subsquent, and the appellant, Forrest, did not derive any right or interest in the land by his deed from Charles Davis, and has no right or interest in the land which can in any way affect the appellee's title thereto. We do not think, however, that, because the appellee's title to the land is such that the appellant, Forrest, has no adverse right or claim thereto, it necessarily follows that the appellee is the absolute owner in fee simple of said land, with the right to use the rents and the proceeds derived from the sale thereof for any purpose that it may deem fit. Whether or not the provision in the deed, in regard to the use of the land for educational and religious purposes, creates a trust which imposes on the appellee the duty to use the rents and profits of the land, and the proceeds thereof in case of sale, for such purposes only, was not an issue in this case, and we feel that the decree entered should not appear to dispose of the rights of beneficiaries of such trust if created.

■■■ Insofar as the decree of the trial court finds that, "the plaintiff is the sole and absolute owner, in fee simple, of the land in question," we think it goes beyond the issues tried in this case and may be claimed to affect the rights of persons having an interest under the trust, if one was created by the provision in

the deed. Insofar, however, as the decree quiets the title of the plaintiff to the land against the defendant, Forrest, and against all persons claiming by or through Charles Davis, as the only child and heir at law, or as the residuary legatee under the last will and testament of Sarah E. Davis, deceased, we think it is fully supported by the evidence.

As thus modified, therefore, the decree of the trial court is hereby affirmed.—Modified and affirmed.

HAMILTON, C. J., and KINTZINGER, PARSONS, RICHARDS, STIGER, and SAGER, JJ., concur.

MITCHELL and ANDERSON, JJ., dissent.

MITCHELL, J. (dissenting)—I find myself unable to agree with the majority and therefore respectfully dissent.

The opinion of the majority is based upon the case of Davis v. John E. Brown College, 208 Iowa 480, 222 N. W. 858.

The rule laid down by this court in the Brown College case is contrary to the weight of authority in this country, and in my judgment it should be overruled that. Iowa may be in line with the other states upon this all-important question.

ANDERSON, J., concurs in dissent.