H. F. CHENEY, appellee, v. WOMANS BAPTIST FOREIGN MISSION-ARY SOCIETY OF THE WEST et al., appellants; JEANNETTE McNAUGHTON et al., intervenor-appellees.

No. 47963.

(Reported in 50 N.W.2d 651)

JANUARY 8, 1952.

Kimball, Peterson, Smith & Peterson, of Council Bluffs, and Judson E. Piper, of Des Moines, for appellants.

Cook & Drake, of Glenwood, for plaintiff-appellee.

Gillilland & Thomas, of Glenwood, for intervenor-appellees.

HAYS, J.—Action to quiet title to the North Half of the Northeast Quarter of Section 15, Township 72 North, Range 40, West of the Fifth P.M. Plaintiff asserts title by virtue of certain deeds of conveyance. Defendants, by cross-petition, assert title under the provisions of the will of William K. Post, deceased. The trial court quieted title in the plaintiff and the defendants have appealed.

As all parties, directly or indirectly, take under this will we set forth the material parts thereof:

Paragraph 2. "I give and bequeath to my wife, Nannie B. Post, the land described as follows: * * * [being the real estate above-described]."

Paragraph 5. "In case of the death of either my wife * * * or our son, Charley K. Post, unmarried or intestate their share of my estate shall revert to the other."

Paragraph 7. "In case my wife * * * shall marry again, her share of my estate shall, at her death, revert to my estate unless she shall otherwise dispose of it by will."

Paragraph 8. "In case of the death of both Nannie B. Post

and Charley K. Post, unmarried and intestate, Nannie B. Post's parents * * * shall have the use of this estate during their natural life and at their death it shall be equally divided between * * * [naming the defendants or their legal predecessors]."

William K. Post died in 1913 and his will was probated the same year. Immediately thereafter Nannie B. Post took possession of the real estate and continued therein until her death in 1945. She died intestate, having never remarried. Her parents predeceased her. Charley K. Post died in 1915, testate and married. In 1947, the intervenors, being the heirs-at-law of Nannie B. Post, deceased, conveyed the real estate to appellee, who went into possession and who has now sold it under contract to one Homer Shoop. In 1950 Laura M. Post, widow of Charley K. Post, deceased, and residuary beneficiary under his will, conveyed to appellee, by quitclaim deed, any interest she might have in the property.

I. The appellants assert that under a clear construction of the will of William K. Post, deceased, the said Nannie B. Post took but a life estate and that they are entitled thereto under paragraph 8 above set forth. They base this upon what they say is the expressed intention of the testator.

They say that the intention of the testator must govern in construing any will, citing authority. This we recognize to be correct. They say that where no particular estate is defined in the gift or grant other parts of the will may determine the estate even though the gift, standing alone, would convey an absolute title (citing Iowa City State Bank v. Pritchard, 199 Iowa 676, 202 N.W. 512, and In re Guardianship of McCauley, 213 Iowa 262, 235 N.W. 738). While they, in effect, concede that paragraph 2 standing alone would convey an absolute title to Nannie B. Post, they assert that paragraphs 5, 7 and 8 clearly indicate that testator intended to and did grant but a life estate under paragraph 2, and that they take as residuary beneficiaries under paragraph 8.

The trial court held that paragraph 2 granted a conditional fee, conditioned upon certain happenings as set forth in paragraphs of the will above-quoted; that by paragraph 8, under which appellants must take, if at all, it was only in the event that both the wife and son died unmarried and intestate that these

appellants could assert any legal claim. It will be noted that while the wife died intestate and unmarried, the son, Charley, died married and testate. Thus, irrespective of whether Nannie B. Post took a life estate or a fee, the sole contingency under which appellants would have any right to take did not occur. The trial court correctly held the appellants to be entire strangers to the title and dismissed their cross-petition.

II. Appellee asserts that he is the owner in fee simple of the said real estate and the trial court so found in its findings of fact and conclusions of law. We do not deem it necessary to determine just what title appellee may have under the conveyances in question. While we have held many times that one asking that title be quieted in him must recover "on the strength of his own title and not on the weakness" of the defendant's title, it is enough that the interest asserted by a plaintiff in possession is superior to that of the defendant. Boone Biblical College v. Forrest, 223 Iowa 1260, 275 N.W. 132, 116 A. L. R. 67; Thompson v. Thompson, 240 Iowa 1162, 39 N.W.2d 132; 74 C. J. S., Quieting Title, section 17(b), page 41; United States v. State of Oregon, 295 U. S. 1, 55 S. Ct. 610, 79 L. Ed. 1267.

Here we have appellee in possession under a record title. In opposition, the appellants are complete strangers to the title. They have neither possession nor muniment of title. So far at least as the appellants are concerned appellee has sustained the burden of proof and is entitled to a decree quieting his title.

Finding no error the decree of the trial court should be and is affirmed.—Affirmed.

All JUSTICES concur except SMITH, J., not sitting.