WAYBURN E. JOHNSTON, appellee, v. DISTRICT TOWNSHIP OF ELLSWORTH (EMMET COUNTY), also known as SCHOOL TOWNSHIP OF ELLSWORTH, appellant.

No. 49340.

(Reported in 93 N.W.2d 132)

NOVEMBER 18, 1958.

REHEARING DENIED JANUARY 16, 1959.

Fitzgibbons & Fitzgibbons, of Estherville, for appellant.

Gamble, Read, Howland, Gamble & Riepe, of Des Moines, Kennedy & Clark, of Estherville, and C. J. Eisler, of Minneapolis, Minnesota, for appellee.

LINNAN, J.—On June 9, 1905, Martin Sheley, the then owner of the Southeast Quarter (SE¼) of Section Fourteen (14), Township One Hundred (100) North, Range Thirty-three (33), West of the Fifth P. M., executed to the defendant school district a deed to a tract of land in the southeast corner of said quarter section described by metes and bounds containing 75/100 acres for a consideration of "One Dollar", which deed recited: "Said conveyance being made for schoolhouse site." It was stipulated that the defendant school district went into possession of said tract and constructed and maintained thereon a schoolhouse until May of 1954, when the school was abandoned and the school building was sold and removed.

Plaintiff, the present owner of the Southeast Quarter (SE¼) of Section Fourteen (14), Township One Hundred (100) North, Range Thirty-three (33), claims the right to said tract upon the payment of the sum of "One Dollar", relying upon the statutes in force at the time of the conveyance by Sheley.

Defendant school district contends that the statutes in force at the time of the abandonment of said school are applicable.

We are confronted with three propositions:

I. Plaintiff contends that the Sheley deed conveyed only a limited estate. We do not agree. It is our opinion that the words "said conveyance being made for schoolhouse site"

merely expressed the purpose for which the conveyance was made and do not in any way limit the title conveyed by the terms of the warranty. The authorities cited by appellant support this position. The deed in question was an absolute conveyance and contained no conditions or restrictions. In the case of Boone Biblical College v. Forrest, 223 Iowa 1260, 1271, 275 N.W. 132, 138, 116 A. L. R. 67, a conveyance was made by warranty deed to Boone Biblical College, which deed, following the description of the land, contains the statement: " 'Said land to be used for educational purposes and religious purposes only.' "

One of the heirs of the original grantor claimed title upon the ground that the land was no longer being used for the express purpose. The lower court quieted title in Boone Biblical College and this was affirmed on appeal. The court said at page 1272 of 223 Iowa: "In our opinion, therefore, the estate conveyed to the appellee by the deed here in question was not restricted by either a limitation or a condition subsequent, and the appellant, Forrest, did not derive any right or interest in the land by his deed from Charles Davis, and has no right or interest in the land which can in any way affect the appellee's title thereto."

II. Appellee's second proposition is that because the defendant school district had the right of eminent domain, the conveyance by Sheley conferred only an easement. We are unable to agree with this contention. The railroad cases cited by appellee are governed by specific statutes which have no application to the case at bar.

III. The rights of reversion to schoolhouse sites are wholly statutory and hence are subject to such changes as the Legislature may make. At the time of the abandonment of this particular schoolhouse site, section 297.15 et seq. were in full force and effect and should be followed. The cases of Waddell v. Board of Directors, 190 Iowa 400, 175 N.W. 65, and Independent School District v. Smith, 190 Iowa 929, 181 N.W. 1, have settled the question. We see no reason for changing the law as therein announced. The case is, therefore, reversed.—Reversed.

All JUSTICES concur.