Oakley, Ch. J.
This is an application on the part of the defendant, for a dismissal of the plaintiff’s action, and that his attorney be ordered to pay the defendant’s costs. The plaintiff was arrested under the recent act of Congress in reference to fugitive slaves, and was carried before the defendant who was one of the United States Commissioners. Subsequently, the plaintiff commenced an action against the defendant, to recover damages for the arrest. After the commencement of this suit, the plaintiff was delivered up under the law, to the claimant, and carried back to his master in Georgia. An order was thereupon made in the usual wray, that the plaintiff file security for costs, on the ground that he was a non-resident. The plaintiff neglecting to comply with this order, an application is now made that his action be dismissed, and that the attorney be ordered to pay the costs. It is said the involuntary removal of the plaintiff from the state, does not change his place of residence. This we cannot accede to. The part of the motion asking that the complaint be dismissed, must be allowed, but we think that the attorney should not be compelled to pay the costs.
It was urged by the defendant’s attorney, that the plaintiff was never in fact a resident; that being a slave, his residence was that of his master, and that while here, he was here but temporarily, as a fugitive. It seems he was actually resident here two years, and this we think must determine the question under the statute. Besides, it is by no means established that the plaintiff is a slave. Prima facie the plaintiff was a free man at the time of commencing the suit. The proceeding under the act of Congress was not a determination of the fact that he was a slave, but it was merely that he should be remanded to the state of Georgia, where he is at full liberty to have the question tried and adjudicated.
It was taken for granted on the argument, that the attorney was liable for the costs, if he took any step in the cause after his client became non-resident. This is an error. The statute imposes the liability on the attorney, only when the plaintiff is a non-resident at .the commencement of the suit.—(Alexander v. Carpenter, 3 Denio, 266.) The circumstance that the plaintiff subsequently removes out of the state or out of the jurisdiction of *731 the court, does not render his attorney liable for costs, although he continues the proceedings in the cause.