.E. C. LAMBERT ET AL., Appellants, v. FREDDIE E. RICE, Appellee.

**Courts:** CORRECTION OF RECORD: *Nunc pro tunc* ORDER. The mere misdescription of land as the south half of a quarter section when the east half was intended in an order of sale to pay debts of an estate, where it was correctly described in every other part of the record, constitutes a mere clerical error, obvious on its face, against which the purchaser and those claiming under him are entitled to relief by a *nunc pro tunc* order.

**Prior adjudication.** The mere opinion of the supreme court rendered in a former action is not such a final judgment or decree as will support a plea of prior adjudication.

**Same:** BURDEN OF PROOF. The plea of prior adjudication is an affirmative defense, and the burden of pleading and proving the same is on the party asserting the adjudication.

**Appeal:** WHO IS ENTITLED TO APPEAL. Where one of the parties to an action withdrew his appearance, but there was no dismissal by him nor any order entered by the court, and the case pro-

ceeded to trial on the merits and judgment was entered against him, such judgment was an adjudication of the merits of the case and he was entitled to appeal.

**Correction of court record:** LIMITATION OF ACTIONS. The courts right to correct an evident mistake in its records is inherent and is unaffected by the statute of limitations.

*Appeal from Mahaska District Court.*—HON. K. E. WILLCOCKSON, Judge.

WEDNESDAY, MARCH 10, 1909.

REHEARING DENIED SATURDAY, JUNE 5, 1909.

THIS is a proceeding to correct the record and praying for general equitable relief. There was a decree dismissing the petition. Plaintiff's appeal.—*Reversed.*

*L. C. Blanchard* and *D. C. Waggoner,* for appellants.

*W. R. Nelson* and *Gleason & Preston,* for appellee.

EVANS, C. J.—Mary E. Rice died intestate on January 18, 1890, seised in fee of the east half of the southwest quarter, section 17-77-14, in Mahaska County. She left surviving her her husband, David E. Rice, and an only child, Freddie E. Rice, then a minor under fourteen years of age, and now the defendant in the present proceeding. The husband, David E. Rice, was appointed administrator of the estate. As such administrator he presented an application in proper form for leave to sell the real estate for the payment of debts. He obtained an appropriate order to sell and sold the land and issued an administrator's deed therefor. The plaintiff Bolton was the purchaser at such sale, and afterwards conveyed the land by warranty deed to one McSpadden. McSpadden sold to plaintiff Lambert, and Lambert sold by warranty deed to plaintiff

McBride, who is now in possession of the land, claiming to own the same under said conveyance. In the proceedings for the sale of the land by the administrator, the land was correctly described in the notices, and in the application for order to sell, and in every part of the record, except in the formal order of sale entered by the court, wherein the description appearing is the south half of the southwest quarter of section 17-77-14. In October, 1900, Freddie E. Rice, the present defendant, brought an action in the district court of Mahaska County against J. B. Bolton and E. C. Lambert, present plaintiffs, to recover the land in question, claiming many irregularities in the proceedings leading up to the administrator's sale. Upon trial had the district court dismissed the petition and quieted the title in the defendants (plaintiffs herein). An appeal was prosecuted to the Supreme Court, and by an opinion filed in this court, reported in 126 Iowa, 654, it was held that the plaintiff in that case was entitled to a decree awarding him the north forty of such tract, by reason of the failure of description in the formal order of sale entered by the court in the probate case; no effort having been made up to that time to obtain the correction of the alleged mistake in the record.

The plaintiffs now bring this proceeding, alleging such mistake, and asking that the same be corrected, and that they have such general equitable relief as such correction would entitle them to. On the question of

1. COURTS: correction of record: *nunc pro tunc* order.

fact, there can be no doubt that the description contained in the formal order of sale was an evident mistake, a mere clerical error obvious on its face, in the light of all the proceedings in the case. The deed issued in pursuance of the sale contained the correct description, and this deed was expressly approved by the court as made in pursuance of the order of sale. The plaintiffs therefore are clearly entitled to relief, unless they have lost their day by sleeping during the prior

litigation, and this brings us to the alleged plea of former adjudication.

It may be conceded that the questions involved here could have been litigated by proper pleadings in the former litigation, and that, so far as the correction of the record

2. PRIOR ADJUDI-CATION.

is concerned, the present plaintiffs could have instituted proper proceedings for that purpose and could have obtained a delay in the former trial for such purpose, and that they are not legally entitled to any consideration for their failure to do so. The serious question for the appellee is whether he has pleaded and proved the alleged former adjudication. In his amended abstract it is alleged that he filed such plea on March 16, 1906. This is denied by the appellants in an additional abstract. It is undisputed in the record that the petition in the case was not filed until March 29, 1906. It is manifest therefore that the alleged plea could not have been filed on the date named in appellee's amended abstract. If, however, we should assume the date stated in the amended abstract to be a clerical error only, the alleged plea of prior adjudication set forth in such amended abstract falls short of a defense. The pleading set forth in the amended abstract does not allege a final judgment or decree, nor is any final judgment or decree proved by the testimony. The opinion of this court, as reported in 126 Iowa, 654, is both pleaded and proven, but such opinion is not a judgment or decree. No judgment or decree appears to have been entered in such case, either in this court or in the district court. Nothing less than a judgment will support the plea of prior adjudication. The defendant did not plead a prior action pending.

It does appear from the amended abstract that, after the opinion of the Supreme Court above referred to was filed, the district court of Mahaska County entered a judgment in favor of the plaintiff in the case of *Rice v. Lambert* for $333, for rents and profits. This appears to

be a different case from the one attempted to be pleaded, and carries the number 346, instead of 436, which was the number of the case in which the former adjudication is claimed. Nor does it appear what were the pleadings or issues upon which such judgment for rents was entered. The plea of former adjudication is an affirmative defense. The burden is upon the defendant to plead and prove it. It lacks pleading and proof in this case.

3. SAME: burden of proof.

II. Defendant urges that the plaintiff McBride is not a party to the case, and that the other plaintiffs have no interest in the litigation. This claim is based upon the statement in the record of the district court, to the effect that plaintiff Lambert "withdraws his appearance." There was no dismissal of the case by such plaintiff, nor any such order entered by the court. The case proceeded to trial upon its merits, and judgment was entered against McBride on the merits. Whatever may have been the intention of the plaintiff at the time such entry was made, he has continued to all legal intent a party to the case, and a judgment against him was an adjudication on the merits. He was therefore entitled to appeal.

4. APPEAL: who entitled to appeal.

III. The defendant pleads the statute of limitations, and urges that actions on the ground of fraud or mistake must be brought within five years from the time of the discovery of such fraud or mistake. Such statute has no reference to a case of this kind. The right of the court to correct an evident mistake in its record is inherent. It is not forbidden by the statute, nor affected by the mere lapse of time. See Code, sections 244, 288, and notes thereunder; *Fuller v. Stebbins,* 49 Iowa, 376; *Shelley v. Smith,* 50 Iowa, 543; *Hofacre v. Monticello,* 128 Iowa, 239. The correction asked in this case is in the nature of a *nun pro tunc* entry. It in no sense qualifies the former

5. CORRECTION OF COURT RECORDS: limitation of actions.

action of the court, but causes such former action of the court to appear correctly upon the record, according to the very truth, as it was at that time. We hold therefore that the plaintiffs are entitled to a correction of the record so that the proper description of the land shall appear therein. The record, as so corrected, establishes the unmistakable title of plaintiff McBride to the property in question, and he is entitled to a decree so finding. The only interest that the other plaintiffs claim to have in the litigation is that the title be established in McBride, in order that they be protected against damages under their covenants of warranty.

If defendant has lost the fruit of a former victory through technical failure of his defense, it may properly be said that he won his former victory also on technical grounds and through apparent negligence on the part of some one in failing to discover the condition of the record until it was pointed out by the written opinion filed in this court. Independent of technical questions, the larger equities of the case are clearly with the plaintiffs.

The decree of the lower court will therefore be *reversed.*