CLANCEY, Appellant, v. BLICKEM, et al, Respondents.

(226 N. W. 763.)

(File No. 6720.   Opinion filed September 20, 1929.)

*Ray E. Dougherty* and *Johnson & Simons,* all of Sioux Falls, for Appellant.

*James Kirk, Jr.,* of Avon, for Respondents.

BROWN, J. On January 6, 1919, Charles and Rachel Blickem gave to plaintiff their three notes, one for $1,500 due January 6. 1923, one for $1,500 due January 6, 1924, and one for $7,000 due January 6. 1929, secured by mortgage on real estate in Bon Homme county. The mortgaged premises thereafter by successive conveyances passed through the hands of defendants Glasier, Burns, and Hollingsworth; the latter being the owner at the time of the commencement of this action, and the successive grantees each assuming and agreeing to pay the mortgage debt. In February, 1925, both $1,500 notes were past-due and unpaid, and Burns made a proposition to plaintiff that if he would surrender those notes he would pay $2,500 in cash and give his note for $500 for the balance. This proposition was accepted by plaintiff, who testified in regard to the transaction: "It is my understanding that I was to get $2,500 cash and his personal note for $500 in settlement of these two $1,500 notes described in the mortgage. There was nothing said at the time as to whether or not this $500 note was to be taken as a renewal note. * * * I took his personal note." Burns testified that the $2,500 cash and the $500 note were given in full settlement of the two $1,500 notes, and that it was so understood by both parties.

This action is brought to recover on the two notes for $1,500 each, the note for $7,000, and the agreement of the several grantees to assume and pay the mortgage debt, and for foreclosure of the mortgage. The action was begun in July, 1927, nearly 18 months before the $7,000 note was due, but plaintiff claims that the entire indebtedness has become due by failure to pay the $500 note which he calls a renewal note. The Blickems were not served with process and make no appearance in the action, and unpaid taxes, on account of which Bon Homme county was made a defendant, were paid after issuance of the summons, so that the only defendants concerned are Glasier, Burns, and Hollingsworth.

The trial court found that the $2,500 cash and the $500 note were given and accepted in payment or satisfaction of the two notes for $1,500 each, and that therefore no default in the terms of the mortgage existed at the commencement of the action. From judgment dismissing the action and from an order denying a new trial, plaintiff appeals.

Pursuant to the proposition for the settlement of the two notes,

plaintiff on January 19, 1925, transmitted these notes to the Bank of Avon with a letter stating:

"By request of R. P. Burns I am enclosing two notes of $1,500.00 each to be delivered to him on receipt of $2650.00 and his personal note for $500, due in six months. * * *

"C. F. Clancey."

The $2,650 included interest due on the two $1,500 notes. Burns paid this amount and gave his note for $500, due in six months, and the two $1,500 notes were marked "Paid" and delivered to him, and he delivered them to defendant Hollingsworth at the time he conveyed the mortgaged premises to Hollingsworth.

It appears that at the maturity of this $500 note Burns renewed it by giving another note for $500 due February 9, 1926, and it is not claimed that Hollingsworth had any notice of such renewal. On December 28, 1925, plaintiff wrote Hollingsworth: "The interest on the $7,000.00 note assumed by you, which I hold, becomes due Jan. 6th-26 rate 6%. Amt. due $420.00 payable here." This letter seems inconsistent with the claim now made that Hollingsworth had assumed or was liable for the payment of the $500, which, so far as evidenced by the first $500 note, was likewise past-due at the time this letter was written.

In January, 1927, the $500 note not having been paid, plaintiff wrote Burns that unless it was taken care of, "I will have to have the note reinstated as part of the original, and look to the security for the money."

The only question in the case is whether the $2,500 cash and the $500 note of Burns was taken in payment or satisfaction of the two notes for $1,500 each. We think there is sufficient evidence to support the finding of the court on that point, and such finding is not against the preponderance of the evidence.

Plaintiff contends that he has a vendor's lien, irrespective of the notes and mortgages, and that this vendor's lien would be security for the $500 as well as for the $7,000. If the contention had any foundation, there is no provision in the Vendor's Lien Law (Rev. Code 1919, § 1689) for accelerating the maturity of an entire debt for default in payment of a small installment thereof. Besides, the claim of a vendor's lien has no foundation whatever. There is nothing in the record showing that Clancey was a vendor of anything. Plaintiff finally contends that, even if Hollingsworth

is not liable on the $500 note, the judgment should be modified so as to permit judgment against the defendants Glasier and Burns for that amount. The two $1,500 notes having been paid, Glasier clearly could not be liable on the $500 note, and as for Burns' liability, the suit is not on the $500 note, but is for an alleged balance of $500 on the two $1,500 notes which the court has found does not exist, and on the $7,000 note, which admittedly was not due either at the time of the commencement of the action or when the judgment and order denying a new trial were entered.

■ There was no error in the court's exclusion, as leading, of the questions put to plaintiff by his own attorney: "Is your conception of a personal note one which does not have any security?" and "Do you mean by that that the security was released?"

■ We have given careful consideration to plaintiff's assignments of error on the admission of evidence, and are of opinion that no material evidence was erroneously admitted. Further, as the case was tried to court and there was sufficient evidence properly admitted to sustain the findings, it will be presumed that evidence improperly admitted, if any, was disregarded by the court in making its decision.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.