CLANCEY, Appellant, v. BLICKEM, et al, Respondents.

(230 N. W. 763.)

(File No. 7015. Opinion filed May 10, 1930.)

*Theodore R. Johnson,* of Sioux Falls, for Appellant.

*James Kirk, Jr.,* of Avon, for Respondents.

BROWN, P. J. The controversy involved in this appeal was presented to and disposed of by the trial court in quite an unusual manner. The complaint undertakes to state two separate causes of action, the first of which seeks to have the $500 note considered in Clancey v. Blickem, 55 S. D. 566, 226 N. W. 763, adjudged to be secured by the mortgage referred to in that case. The second cause of action asks that plaintiff be declared to have a vendor's lien on the mortgaged premises as security for that $500 note. In the present action it is alleged that the mortgaged premises were sold by John Burbeck to the Blickems and by successive conveyances passed through the hands of the other defendants, the successive grantees each assuming and agreeing to pay the mortgage debt. It is also alleged that the Blickems gave to Burbeck the two notes for $1,500 each and the note for $7,000 refererd to in the opinion in 226 N. W. 763, and a mortgage on the premises sold to secure these notes, and that these notes and the mortgage were by Burbeck assigned to R. A. Devine and by Devine to plaintiff. The relief demanded, so far as material to this appeal, is that the $500 note be declared secured either by the mortgage or by a vendor's lien on the mortgaged premises. Defendant Hollingsworth, the present owner of the premises, moved to strike all allegations of the complaint to the effect that plaintiff had or was entitled to a lien either by mortgage or vendor's lien as security for the $500 note, for the reason that all questions relating thereto had been determined by this court in the case of Clancey v. Blickem, supra. The trial court disposed of the motion by making an order: "that the defendant, J. E. Hollingsworth, pay into Court, for the use and benefit of the plaintiff, Clancey, the sum of Seven Thousand Dollars, due on the mortgage involved in said action, together with interest to date of payment, in accordance with rate of interest specified in the terms of said mortgage and taxable costs to date, that said action be, and the same is hereby wholly dismissed as to the defendant, J. E. Hollingsworth, and the property owned by him; and said plaintiff, Charles F. Clancey, is hereby directed to

furnish a proper statutory satisfaction of said mortgage, before delivery of said money to him for satisfaction of said mortgage." From this order plaintiff appeals.

It would seem that nothing could be plainer or more obvious than that this court in Clancey v. Blickem, supra, decided that the $500 note of R. P. Burns and the sum of $2,500 in cash were accepted by plaintiff in payment of the two notes for $1,500 each, which plaintiff now alleges were given for part of the purchase price of the premises sold by Burbeck to the Blickems and to secure which Burbeck took a mortgage back on the premises sold. The $500 note was simply the personal obligation of R. P. Burns and was not secured either by the mortgage or by a vendor's lien. If it be conceded that Burbeck had a vendor's lien for the two $1,500 notes, notwithstanding that he had taken a mortgage on the premises sold as security therefor, and that such lien could have become available to plaintiff through assignment to him of the notes and mortgage, yet when plaintiff accepted payment of those two notes for $1,500 each, both mortgage and vendor's lien, so far as securing those two notes, were satisfied, and the $500 note having been accepted as part payment of the two $1,500 notes, the security of the mortgage and likewise of the vendor's lien, if such lien ever existed, was satisfied as to the $500 note. The order appealed from, therefore, which simply holds in effect that plaintiff has no lien on the land to secure the $500 note, is in no manner prejudicial to appellant. The order requires respondent Hollingsworth to pay into court for the use of appellant the amount due on the $7,000 note with interest according to its terms to the date of payment, and all taxable costs in the action, whereupon the action is to be dismissed and the amount so paid into court turned over to appellant upon his executing a satisfaction of the mortgage. This order gives appellant everything he is entitled to under the allegations of his complaint, with the exception that if the amount of money directed to be paid by the terms of the order is not paid, appellant would be entitled to a foreclosure of his mortgage for the sum due on the $7,000 note, but of this exception he is not complaining, and for all that appears the money may have been paid into court before he took this appeal; in any event, the only thing of which he complains on the appeal is the denial of his claim to security for the $500 note on the mortgaged prop-

erty, either by virtue of the mortgage or by way of vendor's lien, and to such security he is not entitled.

The order appealed from should be and is affirmed; but the question of former adjudication should have been presented in the trial court by answer rather than by motion to strike allegations of the complaint, and for that reason no costs will be allowed respondent on this appeal.

POLLEY, SHERWOOD, CAMPBELL, and BURCH, JJ., concur.