CORINNE WILLIAMS PERRY, Appellee, v. MRS. EUGENE P. REEDER, Appellant; EUGENE EDWARD REEDER, Intervener, Appellant.

No. 46600.

JANUARY 9, 1945.

George G. Yeaman, of Sioux City, for defendant appellant.

Carlos W. Goltz, of Sioux City, for intervener appellant.

J. Henry Eik and Fred H. Free, both of Sioux City, for appellee.

WENNERSTRUM, J.—The plaintiff in the action now before us for review filed a petition in forcible entry and detainer wherein she asserted that she was entitled to the immediate possession of certain real estate in Woodbury County, Iowa. The defendant and intervener, respectively, filed an answer and petition of intervention wherein allegations were made attacking the validity of the deed by which plaintiff obtained the claimed title to the property involved in this litigation. A motion to strike the material allegations of the answer and also a motion to strike the petition of intervention were filed by the plaintiff. In those motions plaintiff asserted that the title to the property had been adjudicated in a prior action wherein the guardian of one of the titleholders and the plaintiff were parties. The two motions to strike were sustained. Upon submission of the case proper the trial court found for the plaintiff, and the defendant and intervener have appealed.

The plaintiff claims to be the owner of the property involved in this litigation by reason of a warranty deed wherein the plaintiff and Eugene P. Reeder, now deceased, were the grantees, and which deed described them as "joint tenants with the right of survivorship." The defendant, Mrs. Eugene P. Reeder, subsequent to the conveyance of the property here involved to plaintiff and Eugene P. Reeder, was married to Reeder. She was in possession of one of the residence properties involved in this appeal at the time of the beginning of this litigation. Plaintiff in the present action seeks to obtain possession of this residence. Eugene Edward Reeder, a son of Eugene P. Reeder by a prior marriage, filed a petition of intervention in the action now before us for review. The defendant, Mrs. Eugene P. Reeder, filed an answer in this action wherein she set out six grounds of attack upon the deed by which plaintiff claims to hold title to the property. The petition of intervention of Eugene Edward Reeder also pleaded allegations which attacked the validity of the deed given to the plaintiff and Eugene P. Reeder. The motions to strike the material allegations of the

534

petition of intervention and answer were submitted to Judge Browning, one of the judges of the district court in and for Woodbury County, Iowa. There was a limited amount of evidence presented to the trial court upon the final submission of the case. The trial court, by reason of the previous rulings on the motion to strike, sustained objections to any offer of testimony on any of the issues which had been stricken. The defendant and intervener offered to prove the allegations of their pleadings but objections to these offers were sustained by the trial court.

A further statement of additional facts disclosed by the record is necessary in order to fully and properly set out the circumstances surrounding this litigation. The motions to strike the material portions of the answer and the petition of intervention state, in substance, that Eugene Edward Reeder, as guardian of the property of Eugene Parnell Reeder, incompetent, as plaintiff, had previously brought a suit against Corinne Williams, defendant, now Corinne Williams Perry, wherein he had sought to set aside the conveyance to Corinne Williams. This action was dismissed on September 28, 1942, which was prior to the death of Eugene Parnell Reeder on March 8, 1944. No appeal was taken from the ruling of the court in dismissing this last-referred-to action. The motions to strike portions of the answer and petition of intervention alleged that, by reason of the decree and judgment of dismissal previously entered, the answering defendant and the intervener in the instant case were now estopped to replead the issues which were raised in the former action or which might have been raised therein.

The allegations of error as noted by the appellant Mrs. Eugene P. Reeder and the intervener appellant, Eugene Edward Reeder, cover numerous alleged errors of the trial court. However, the main contention seems to be that the court had been in error in sustaining the motion to strike the material defenses in the answer and all of the material statements in the petition of intervention wherein it was pleaded that the matters alleged were now res judicata by reason of the prior litigation. It was contended in said motions that the action brought by Eugene Edward Reeder as guardian of Eugene Parnell Reeder constituted an adjudication of the questions that are involved in

the instant litigation. It should be kept in mind that, following the sustaining of the motions to strike, the case was submitted on its merits and a small amount of evidence was presented in the submission of the case proper.

I. The allegations of error by the defendant appellant and intervener appellant do not with particularity and clarity set out the claimed errors, but it is apparent to us that the claim that the court erred in originally sustaining said motions to strike has merit. At least, it is our thought that in order to properly raise the question of res judicata and to have it properly passed on by the court this allegation must be pleaded and proved.

In 30 Am. Jur. 993, section 273, it is stated:

"Although there is some authority in support of the rule that a court will take judicial notice of a judgment previously rendered by it, and sought to be made available as a basis for the application of the doctrine of res judicata, at least where such judgment is referred to in the pleadings, a court ordinarily will not take judicial notice of a judgment rendered in a different action; it is generally held that the existence and contents of a judgment sought to be made available as a basis for the application of the doctrine of res judicata must be proved by offering the record or a copy thereof in evidence, whether the judgment was rendered by the court trying the principal case, or by another court."

In the annotated case of Divide Creek Irr. Dist. v. Hollingsworth, 10 Cir., Colo., 72 F. 2d 859, 863, 96 A. L. R. 937, 942, the court, in commenting upon the necessity of offering proof of the allegations of a prior claimed adjudication of the same question, stated as follows:

"The situation is quite different in the trial courts. Their judgments are subject to review, and in order to review them, a record of the proceedings in that case must be made for an appellate court which cannot take notice of the records of every district in its jurisdiction. Moreover, questions of res judicata are often close and disputable, and adversaries ought to be notified of the plea and afforded an opportunity to meet it. In the trial court, therefore, a claim of res judicata must be

pleaded, and if traversed, proof thereof must be made. The records are sufficient evidence of their genuineness (Wigmore on Evidence, § 2158), but the material parts of the record of the former proceeding must be offered in evidence, in order that a record may be made upon which a review may be had.

"Appellee pleaded estoppel by judgment in her reply, but offered no proof in support thereof. Appellant offered in evidence the judgment in No. 7826, but since it is conceded that the judgment in that case was taken by default and will not support the plea, there was no prejudice in excluding it. We conclude, on this branch of the case, that the plea of estoppel by the judgment in No. 8695 is not supported by the proof."

In the early case of Campbell v. Ayres, 6 Iowa 339, 343, this court had occasion to pass upon a case wherein the statements there found have application to the case at bar. It is there stated:

"This cause is in equity, and this court might review the conclusion of the district court upon the above fact, but the respondent has given us no material by which to try it—no evidence upon which to review it. He pleaded the mere fact of a prior adjudication, but did not bring into court, nor make profert of, an exemplification or transcript of that former cause, tried in Warren county. It was his duty thus to make it a part of the case, and the complainant was entitled to take exception to the want of it, but he was not obliged to do so and did not but pleaded to issue, leaving the respondent to prove his affirmative allegation in relation thereto. The evidence which he offered, if any, is not before us.

"The complainant has made an exhibit of a judgment, rendered in Warren county, in favor of this defendant against this plaintiff; but, admitting for the present, that that copy of judgment is so in evidence, that the respondent may avail himself of it here, still it is not sufficient alone without the petition and pleadings upon which it was rendered."

See, also, Lee v. Keister, 11 Iowa 480.

In the case of Lambert v. Rice, 143 Iowa 70, 74, 120 N. W. 96, 97, this court announced more definitely our holding in connection with the plea of res judicata, where it is stated:

"The plea of former adjudication is an affirmative defense. The burden is upon the defendant to plead and prove it."

See annotation in 96 A. L. R. commencing at page 945; also annotation found in 120 A. L. R. at page 162.

II. A further question which we believe to be pertinent to the consideration of the matter of res judicata relates to the raising of this issue by a motion to strike.

In 30 Am. Jur. 992, section 271, it is stated:

"Ordinarily, a motion is not regarded as a proper method of invoking the defense of the estoppel of a prior adjudication. The latter rule has been applied to a motion to quash service of process, to strike off a pleading, to have judgment rendered on the pleadings, and to dismiss the action."

In the annotation found in 120 A. L. R. at page 132, it is stated:

"A motion to strike is not the proper method of presenting to the court the defense of former adjudication, even when treated as a demurrer."

Further supporting authority for this last-quoted statement will be found in the following cases: Clancey v. Blickem, 57 S. D. 79, 230 N. W. 763, 764; Hall v. Morris, 96 Okla. 39, 219 P. 903, 904; Bronson v. Reed, 167 Okla. 447, 30 P. 2d 459, 460; Samples v. United Fuel Gas Co., 100 W. Va. 441, 130 S. E. 670, 672.

It should also be kept in mind that a motion is not a pleading. Rule 110, Iowa Rules of Civil Procedure.

It is quite apparent that the original motions to strike the allegations in the answer and the petition of intervention were sustained on the grounds of res judicata. It is further apparent that by reason of the striking of these allegations the trial court took the action that it did. However, under the authorities that we have heretofore quoted, it is our conclusion that the rulings on the motions were improper and hence that the decree as entered by the trial court was also improper. Our rulings herein are not to be construed as expressing an opinion whether the dismissal of the former suit, if properly pleaded and proved, would be res judicata in this action.

538

We therefore reverse and remand for further proceedings in conformity with our pronouncements herein set forth.—Reversed and remanded.

All JUSTICES concur.