CREDIT INDUSTRIAL CORPORATION, appellant, v. E. C. MILLER, d/b/a Miller Truck Service, Inc., Ruthven, Iowa, appellee.

No. 51178.

(Reported in 125 N.W.2d 142)

Dᴇᴄᴇᴍʙᴇʀ 10, 1963.

Charles E. Miller, of Des Moines, for appellant.

Jack H. Bedell, of Spirit Lake, for appellee.

Hᴀʏs, J.—Law action seeking judgment on certain trade acceptances. This appeal involves, at least indirectly, two causes in said district court, being causes No. 17965 and No. 17915.

September 6, 1962, defendant filed in the office of Clerk of District Court in Palo Alto County, an original notice in cause No. 17915 which stated the petition would be on file on or before July 31, 1962, together with what is called "Special Appearance and Motion to Dismiss" for the reason such petition was not thus filed. September 11, 1962, such motion was sustained and cause dismissed at plaintiff's cost. December 11, 1962, plaintiff filed a petition in cause No. 17965, based upon the identical facts in cause No. 17915 and notice was duly served. December 27, 1962, defendant filed a motion to dismiss

based upon doctrine of res adjudicata due to the dismissal of cause No. 17915. March 4, 1963, the trial court sustained the motion to dismiss the petition. March 14, 1963, plaintiff filed "motion to vacate and set aside court's order dismissing plaintiff's action" in cause No. 17965. April 5, 1963, said motion was overruled and on April 25, 1963, plaintiff filed a notice of appeal to this court.

I. Appellee's first proposition relied upon for an affirmance is that the notice of appeal was not timely given.

Rule 335, R. C. P., states, "Appeals to the supreme court must be taken within, and not after, thirty days from the entry of the order, judgment or decree, unless a motion for new trial or for judgment notwithstanding the verdict is filed as provided in rule 247, and then within thirty days after the ruling on such motion; * * *."

Rule 244, R. C. P., states "The aggrieved party may, on motion, have an adverse verdict, decision or report or some portion thereof vacated and a new trial granted, for any of the following causes, but only if they materially affected his substantial rights * * *." It must be conceded that none of the causes, set forth in rule 244, is found in plaintiff's motion.

Rule 247, R. C. P., states: "Motions under rules 243 and 244 * * * must be filed within ten days after the verdict, report or decision is filed * * *."

The record shows that the so-called "motion to vacate and set aside court's order", filed March 14, 1963, was, as to time, timely under rule 247. It also is clear that the notice of appeal to this court was timely under rule 335. Appellee's contention is that since none of the causes set forth in rule 244 appears in plaintiff's motion to vacate, no additional time for giving notice of appeal under rule 335 should be allowed. Such is not the rule. Furthermore such a contention, if adopted, would require this court to examine each motion filed under rule 244 to determine whether jurisdiction existed. We do not adopt such a theory and hold that the appeal is timely and this court has jurisdiction. See Home Savings Bank v. Klise, 205 Iowa 1103, 216 N.W. 109.

II. The real issue involved in the appeal is whether a dismissal under rule 55 is a dismissal on the merits.

It may well be noted that as a matter of procedure neither the rules nor our decisions have been too closely followed, and the real question to be here determined was raised by what is known as a speaking demurrer. See Betz v. Sioux City, 239 Iowa 95, 30 N.W.2d 778; Williams-Perry v. Reeder, 235 Iowa 532, 17 N.W.2d 98. However since both counsel and the trial court appear to have waived this factor and considered the issue as properly raised, we will do likewise.

Rule 48, R. C. P., states: "A civil action is commenced by serving the defendant with an original notice."

Rule 50, R. C. P., requires that an original notice "state either that the petition is on file in the office of the clerk of the court where the action is brought, or that it will be so filed by a stated date, * * *."

Rule 55, R. C. P., states "If the petition is not filed as stated in the original notice served, any defendant may have the case dismissed as to him, without notice, at plaintiff's cost; and may docket it for this purpose by filing his copy of the original notice, if need be."

Rule 217, R. C. P., provides: "All dismissals not governed by rule 215 or not for want of jurisdiction or improper venue, shall operate as adjudications on the merits unless they specify otherwise."

It is conceded by all parties that the dismissal was under rule 55; was not governed by rule 215, R. C. P.; and did not provide it should be other than an adjudication on the merits. It is appellant's contention that by the failure to file the petition as stated in the original notice the trial court failed to acquire jurisdiction and thus it is within the exception noted in rule 217. In re Estate of Ferris, 234 Iowa 960, 14 N.W.2d 889.

Jurisdiction of the subject matter is the power to hear and determine cases of the general class to which the proceedings belong. Harvey v. Prall, 250 Iowa 1111, 1116, 97 N.W.2d 306; Christensen v. Board of Supvrs., 251 Iowa 1259, 105 N.W.2d 102. It will be noted that rule 55 provides for a dis-

missal and allows the filing of the original notice "if need be." If the petition has been filed between the time stated in the notice and the time of defendant's motion, under rule 55, the nature of the case (to determine jurisdiction of the subject matter) may be determined therefrom by the trial court. If no petition, the rule provides for filing the defendant's copy of the original notice which, for this purpose, serves the same as a petition. There seems no doubt but that the trial court had jurisdiction over the subject matter, which was to collect on some trade acceptances.

The exact question here has never been squarely answered by this court. It is whether the right to a dismissal under rule 55 is based upon a lack of jurisdiction in the trial court.

While rule 55 has been changed somewhat as to phraseology, basically it has remained the same since the Revision of 1873. Our decisions regarding this rule are not entirely in an accord.

In Hudson v. Blanfus, 22 Iowa 323, we said the petition must be filed in time or it must be dismissed under the mandatory statute. No mention is made of jurisdiction. In Brown v. Mallory, 26 Iowa 469, we said the failure to file petition timely was merely an irregularity which did not operate to avoid a judgment entered in said cause and must be corrected by appeal, etc. Cibula v. Pitt's Sons' Mfg. Co., 48 Iowa 528, holds the statute is mandatory upon request of defendant. Service of the notice brought the defendant into court. Hildreth v. Harney, 62 Iowa 420, 17 N.W. 584, holds a failure to file petition within the time required does not make a judgment rendered thereon void.

Paddleford v. Cook, 74 Iowa 433, 38 N.W. 137, holds that it was error to overrule motion to dismiss because of failure to file petition timely but it was waived by defendant's then appearing and answering the petition *thus giving the court jurisdiction of his person.* (Italics ours.) State v. Knapp, 178 Iowa 25, 158 N.W. 515, holds that a failure to file petition is waived by answering and going to trial upon the merits, citing the Paddleford case, supra. Read v. Rousch, 189 Iowa 695, 179 N.W. 84, holds that even though the defendant voluntarily submitted him-

self to the jurisdiction of the court, he did not waive his statutory right to have the action dismissed on his motion because of failure to file the petition timely. Sioux County v. Kosters, 194 Iowa 1300, 191 N.W. 315, holds that where a default judgment is entered, where the petition was not timely filed, it is the right of the defendant to directly attack the judgment as a voidable judgment.

■■ Under the foregoing authorities it appears to be the view of this court that rule 55, R. C. P., and prior statutes are mandatory and the issue of jurisdiction is of no import. It also appears that this court adopts the view that even though a petition is not filed as provided in the original notice, the notice, if properly served, confers jurisdiction over the person and a judgment by default is only voidable, thus holding it is not a jurisdictional defect.

■ In granting the dismissal in cause No. 17915 under rule 55 nothing was said as to it being other than on the merits. There being no jurisdictional issue involved, the dismissal under the provisions of rule 217 must be held to be on the merits and the ruling of the trial court in cause No. 17965 was correct.—Affirmed.

All JUSTICES concur.