William Lawrence BICKFORD, Appellant,

v.

AMERICAN INTERINSURANCE EXCHANGE, Appellee.

No. 56251.

Supreme Court of Iowa.

Dec. 18, 1974.

Terry W. Guinan of Ulstad & Guinan, Fort Dodge, for appellant.

Tito Trevino of Kersten, Opheim, Carlson & Estes, Fort Dodge, for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and REYNOLDSON, JJ.

MASON, Justice.

This is an appeal by William Lawrence Bickford from the trial court's ruling sustaining defendant's motion to dismiss a law action brought by Bickford against American Interinsurance Exchange, hereinafter referred to as American, under an uninsured motorist endorsement to a policy issued by American to Bickford.

Bickford was involved in a motor vehicle accident January 20, 1970, with a Nancy Rose Cutting who was uninsured. Bickford commenced a law action to recover damages alleging Miss Cutting's negligence in one or more of the particulars specified was a proximate cause of the collision and resulting damages to Bickford. Miss Cutting filed a counterclaim against Bickford alleging his negligence was a proximate cause of her damages. July 7, 1972, Bickford withdrew his claim without prejudice and on July 20 filed the present action against American based upon the uninsured motorist clause in his policy which reads as follows:

"To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease * * * sustained by the insured caused by an accident arising out of the use of such uninsured automobile."

August 31 American filed answer denying all paragraphs of the petition for lack of information except paragraph 1 but asserted no affirmative defense. The same day American moved to consolidate for trial the action brought by Bickford against it and the action involving the counterclaim filed by Cutting in order to avoid multiplicity of actions involving common questions of law and fact. American agreed to be bound by the judgment rendered in those cases subject to the right of appeal. American also moved for permission to intervene alleging Bickford's interests were in conflict with the interests of American. The motions to consolidate were resisted by Bickford and Cutting. October 30 the court

overruled American's motions to consolidate and intervene.

January 8, 1973, American moved to dismiss Bickford's action brought against it alleging Bickford's failure to cooperate as required by the policy.

The Cutting counterclaim was tried to a jury which returned a verdict in favor of Bickford February 14, 1973.

The court submitted the following interrogatories with its instructions to the jury relative to the counterclaim:

(1) Do you find that William Bickford was negligent in one or more of the respects charged by counterclaim?

(2) Do you find that William Bickford's negligence, if any, was a proximate cause of the accident?

(3) Do you find that the counterclaimant was contributorily negligent in one or more of the respects charged by William Bickford?

The jury answered in the affirmative to (1) and (3), but did not answer the proximate cause interrogatory. As stated, the jury found for Bickford on Cutting's counterclaim.

February 20 American amended its motion to dismiss alleging the exact factual situation had been presented to the court in the action on the Cutting counterclaim and the jury returned a finding in answer to an interrogatory that Bickford was negligent in operation of his automobile; since Bickford was a party to the lawsuit and all factual issues were dismissed he is now prevented from bringing his own action against American under the uninsured motorist coverage of his policy for the reason the issue is now res judicata. Bickford filed resistance asserting any issues adjudicated by way of interrogatories which might affect Bickford were not tried as a matter of necessity. In amendment to resistance Bickford alleged the interrogatories showed the jury did not find Bickford's negligence, if any, was the proximate cause of the accident.

The court's order sustaining the motion to dismiss, filed March 9, expressed the view there was an exception to the rule parties must be in privity for the doctrine of res judicata to apply and a retrial of the questions of Bickford's negligence in his action against American would effect a duplicity of actions.

The appeal presents the following issues for review:

(1) Could the trial court decide the issue of res judicata when the defense had not been originally pleaded, but was raised for the first time in an amendment to the motion to dismiss?

(2) Whether the judgment in the action on the Cutting counterclaim was res judicata or a collateral estoppel when the issue of Bickford's negligence was not necessarily decided and was not the basis for the judgment.

(3) Whether the judgment in the Cutting counterclaim action was res judicata or collateral estoppel when it was a finding on a "collateral point" which could not be reviewed by this court.

(4) Do these doctrines apply when there was no finding plaintiff's negligence was a proximate cause?

(5) Was defendant a co-party with plaintiff in the Cutting action and thus not an adverse party?

(6) Did plaintiff lack control over his defense in the Cutting action thus making those findings not res judicata?

I. The first issue for review arises from plaintiff's contention the trial court could not decide the question of res judicata when neither this defense nor the defense claimed to be adjudicated had been pleaded. In the trial court plaintiff had resisted American's amendment to motion to dismiss by alleging, "1. That the issues raised by the Amendment are affirmative defenses, which must be pled and to which the Plaintiff is allowed to reply and plead a waiver and estoppel."

In support of his position plaintiff relies on rule 98, Rules of Civil Procedure, for the proposition that prior judgments be pleaded before they would be available as a defense. The rule states in pertinent part, " * * * judgments of a court * * * may be pleaded as legal conclusions, without averring the facts comprising them."

Defendant in response to this contention asserts it raised the affirmative defense at the earliest opportunity pointing out it was impossible for it to plead res judicata initially because the judgment on the Cutting counterclaim had not been rendered when Bickford began the present suit against American or at the time American was required to file answer. It insists that when the verdict was reached in the Cutting counterclaim it promptly filed an amendment to its motion to dismiss asserting the defense of res judicata.

American further argues rule 98, R.C.P., does not require that former judgments be pleaded in answer where it is impossible to do so; it only states such judgments "may" be pleaded in answer.

It is our view American's argument does not reach the point urged by Bickford's contention. Plaintiff by resistance to defendant's amendment to motion to dismiss made an issue in the trial court of the manner in which the res judicata issue had been raised by American. The question which arises is whether the defense of res judicata must be asserted in a responsive pleading to the claim for relief or whether this defense is available in motion to dismiss.

This is not a factual situation where the defense of res judicata was asserted by motion prior to answer as is permitted in some federal decisions. See 5 Wright & Miller, Federal Practice and Procedure: Civil section 1357, n. 6.

The record does not disclose any effort by defendant to amend its answer by asserting the defense of res judicata after the Cutting verdict. Neither does defendant contend in written brief and argument such effort was made and refused. See rule 88, R.C.P. Instead, American elected to assert the defense by amendment to its motion to dismiss.

Boone Biblical College v. Forrest, 223 Iowa 1260, 1264, 275 N.W. 132, 135, 116 A.L.R. 67 has this statement: "* * * The rule seems to be well established in most jurisdictions, including our own, that a party, who desires to set up a prior adjudication as a bar to a claim made by an opposing party, must properly plead such adjudication before evidence will be admissible in regard to it. * * * [citing authorities]." See also Lambert v. Rice, 143 Iowa 70, 74, 120 N.W. 96, 97; Perry v. Reeder, 235 Iowa 532, 535, 17 N.W.2d 98, 100; State v. Nichols, 241 Iowa 952, 969–970, 44 N.W.2d 49, 58–59. A motion is not deemed a responsive pleading.

In the *Lambert* case, 143 Iowa at 74, 120 N.W. at 97, this court announced more definitely our holding in connection with the plea of res judicata when it stated: "The plea of former adjudication is an affirmative defense. The burden is upon the defendant to plead and prove it."

In Perry v. Reeder, 235 Iowa at 537, 17 N.W.2d at 100, the court recognized that ordinarily a motion is not regarded as a proper method of invoking the defense of the estoppel of a prior adjudication and that the rule has been applied to a motion to quash service of process, to strike a pleading, for judgment on the pleadings and to dismiss the action. Authorities supporting this rule are cited in the opinion.

In Pride v. Peterson, 173 N.W.2d 549 (Iowa 1970), this court considered the question whether the defense of the statute of limitations may ordinarily be raised by a motion to dismiss under the Iowa Rules of Civil Procedure. In the course of the opinion we pointed out the similarity between rule 104, R.C.P., and federal rule 12(b). We also noted the statement of the author of the annotation in 61 A.L.R.2d 300 at 303 as to the position taken by the majority of

cases which had considered the question under the Federal Rules of Civil Procedure and held the defense of the statute of limitations may be raised by motion to dismiss. The author at 327 of the annotation calls attention to the existence of a number of cases decided under the federal rules or more or less similar state practices which have held a motion to dismiss is not a proper method of raising the defense of limitations.

As indicated, there are many federal decisions permitting the defense of res judicata to be asserted by motions to dismiss under particular factual situations.

On the other hand, research discloses a great number of state jurisdictions where rules of civil procedure similar to the federal rules have been adopted in which the appellate courts of those jurisdictions have held that unless the fact and nature of the prior adjudication affirmatively appear on the face of the complaint or petition res judicata is an affirmative defense to be asserted by answer and cannot be raised by motion to dismiss. In our opinion such cases state the proper rule and the one which should be adopted in this jurisdiction.

Support for this position is found in Pride v. Peterson, 173 N.W.2d at 552–553 where the rationale expressed by state jurisdictions applying the rule that the bar of limitations is an affirmative defense to be specially pleaded and is not available on motion to dismiss is set forth. It need not be repeated here. In *Pride,* 173 N.W.2d at 554 the court concluded the bar of limitations was primarily an affirmative defense to be specially asserted in a separate division of the responsive pleading to the claim for relief unless from the uncontroverted facts it appeared on the face of the assailed pleading not only that the claim for relief might be barred but that it was necessarily so barred when the action was commenced.

We perceive of no reason why the rule should be different where res judicata is relied on as a defense.

The fact and nature of the prior adjudication relied on by American as a defense does not affirmatively appear on the face of Bickford's petition against American.

■ We hold under the factual circumstances shown here the defense of res judicata is not available by a motion to dismiss. It was error to sustain the motion.

II. The determination made in the preceding division requires the case be reversed and remanded for further proceedings in accordance with the Rules of Civil Procedure.

In view of the likelihood that some problems presented for review by this appeal will recur during such proceedings it is deemed advisable that they be considered at this time.

The second issue stated earlier results from the affirmative answer of the jury in the Cutting action to the interrogatory dealing with Bickford's negligence.

Plaintiff contends such determination does not bar him from pursuing satisfaction from American under the uninsured motorist provision of the policy in force either under the doctrine of res judicata or collateral estoppel. Plaintiff argues the issue of his negligence in the Cutting action, even though adjudicated, was not necessary to the jury's verdict in that action and the answer to the interrogatory in question was not the basis for the judgment.

■ Defendant responds to plaintiff's contention by asserting the finding of the jury that Cutting was contributorily negligent barring her recovery on her counterclaim "presupposed a finding of negligence on Bickford's part."

At least in Iowa, this proposition does not necessarily follow. "* * * [W]hen a trial court undertakes to marshal in one place * * * all the elements the jury must find to entitle plaintiff to recover," it *must* give the following instruction, or one substantially similar:

"If the defendant has so proved both of the foregoing propositions [plaintiff was

contributorily negligent, and such negligence was a proximate cause], then the plaintiff is not entitled to recover and your verdict should be for the defendant.

"If the defendant has failed to so prove one or more of the foregoing propositions, then you may proceed to consider whether or not the plaintiff is entitled to recover against the defendant. * * *." Bauman v. City of Waverly, 164 N.W.2d 840, 845 (Iowa 1969), quoting Uniform Jury Instructions, No. 2.2B.

Defendant's contention in this respect is not persuasive.

This brings us to a consideration of the reason urged by plaintiff why the jury's finding he was negligent in the Cutting action does not preclude him from maintaining the present action.

■ "Matters in which the one, against whom res judicata is sought, * * * *were not* * * * *necessary* to the decision, even though adjudicated, cannot conclude him in a subsequent proceeding. * * [citing authorities]." (Emphasis supplied) Kunkel v. Eastern Iowa L. & P. Co-op., 232 Iowa 649, 659, 5 N.W.2d 899, 904. See also Jordan v. Stuart Creamery, Inc., 258 Iowa 1, 6, 137 N.W.2d 259, 261–262.

This court has noted that as a general rule a judgment is not binding or conclusive as to facts or questions of law, although put in issue and actually tried and expressly determined in the former action where such matters were immaterial or unessential to the determination of the real and decisive issue. See Hutchison v. Maiwurm, 162 N.W.2d 408, 411 (Iowa 1968), where several cases from other jurisdictions considering the question are collected and analyzed. Research compels the conclusion the foregoing position is well supported by the many decisions of other jurisdictions.

"The determination made of the issue in the prior action must have been *necessary and essential* to the resulting judgment." (Emphasis supplied). Schneberger v. United States Fidelity & Guar. Co., 213 N.W.2d 913, 917 (Iowa 1973). The judgment in the former case must rest upon the fact found or the fact is not res judicata and is open to litigation in a subsequent suit.

■ The judgment in the Cutting case rested on the jury's finding she was contributorily negligent. Such finding was the only finding essential to support the verdict. The jury's affirmative answer to the first interrogatory finding Bickford negligent was not the point upon which the case turned nor was this finding necessary in light of the court's instruction 14 which appears in the clerk's transcript in the matter before us in order to return a defendant's verdict in the Cutting case in view of the jury's affirmative answer to the third interrogatory. Instruction 14 is substantially the one made imperative in Bauman v. City of Waverly, 164 N.W.2d at 845.

The finding of Bickford's negligence being unnecessary and immaterial to sustain the jury's verdict against Cutting on her counterclaim by reason of her contributory negligence being found to be a proximate cause of the accident is surplusage and cannot sustain a plea of res judicata by American in the action brought against it by Bickford. Neither does the finding operate as a collateral estoppel to preclude Bickford from litigating the issue of his negligence in the present action.

III. In view of the determination made in divisions I and II, supra, it is doubtful plaintiff's contention Bickford's negligence cannot be res judicata or an estoppel since his negligence was not a proximate cause of the collision will recur on remand.

■ It should be sufficient to point out that actionable negligence must be a proximate cause of any injury or damage done. Brewer v. Johnson, 247 Iowa 483, 486, 72 N.W.2d 556, 558; Adams v. Deur, 173 N.W.2d 100, 111 (Iowa 1969); Pacific Indemnity Company v. Rathje, 188 N.W.2d 338, 341 (Iowa 1971).

In other words, "negligence itself is irrelevant in the absence of some causal connec-

tion between it and the injury." Frederick v. Goff, 251 Iowa 290, 297, 100 N.W.2d 624, 628.

The other issues presented for review by this appeal need not be reached.

With leave to defendant to amend its answer to allege any affirmative defense it has to Bickford's claim subject to Bickford's right to challenge such amendment in accordance with the Rules of Civil Procedure the case is—reversed and remanded.