SWISHER & COHRT, Appellee,

v.

YARDARM, INC., Appellant.

No. 2-57272.

Supreme Court of Iowa.

Dec. 17, 1975.

Upton B. Kepford, Waterloo, for appellant.

J. Douglas Oberman, of Swisher & Cohrt, Waterloo, for appellee.

Submitted to MOORE, C. J., and LeGRAND, REES, REYNOLDSON and McCORMICK, JJ.

REYNOLDSON, Justice.

Plaintiff law firm sued Yardarm, Inc. for $1206.06 alleged to be due for legal services performed from July 8, 1968 through August 26, 1971. Yardarm's answer alleged any services performed by the law firm were rendered not for or at the request of the corporation but for individual stockholders in their own behalf.

The law firm's motion for summary judgment and Yardarm's resistance were supported by affidavits. In its February 11, 1972, ruling on the motion, trial court found services of the undisputed value of $759.81 were performed for Yardarm at its request prior to June 1, 1970, and a fact issue

existed as to the corporation's liability for $446.25 in services performed after that date. This ruling rendered a $759.81 money judgment against Yardarm in favor of the law firm and provided the balance of the claim would be determined at trial.

The law firm filed the first of several certificates of readiness for trial on February 16, 1972. The clerk refused to issue execution on the partial judgment until another judgment entry was obtained on July 23, 1973. This order was a rubber-stamped form on a calendar sheet. It did not refer to the partial interlocutory nature of the earlier judgment. Execution was issued and ultimately returned unsatisfied January 3, 1974. Counsel for the parties were negotiating in December 1973. Following a payment on January 9, 1974, the law firm executed and sent a satisfaction of judgment "of a portion of the claim herein * * * in the sum of * * * $759.81" to Yardarm which the latter filed. A letter to Yardarm accompanying the instrument preserved the firm's position the satisfaction related to only a part of its claim and the matter of the balance of $446.25 would be adjudicated at trial.

Thereafter the law firm filed its third certificate of readiness. The case was set for trial. Yardarm filed a motion to dismiss which referred to the July 23, 1973 judgment and asserted as grounds, "On the basis of the record in this case, this said cause of action is res adjudicata for the reason that judgment has been entered and executions issued and for the further reason that under the law of the State of Iowa one cause of action may not be split."

When the motion was heard Yardarm stipulated in the event it was overruled no legal or factual controversy existed as to the balance of the claim and judgment could be entered in the sum of $446.25.

In an extensive ruling trial court overruled the motion and entered judgment for the agreed balance of the claim. Yardarm appeals and we affirm.

■ I. Iowa rule 237, Rules of Civil Procedure, is patterned after rule 56, Federal Rules of Civil Procedure. *Bauer v. Stern Finance Company*, 169 N.W.2d 850, 853 (Iowa 1969), cert. denied, 396 U.S. 1008, 90 S.Ct. 565, 24 L.Ed.2d 500 (1970). Where this occurs, we have said interpretations of the federal rule are persuasive. *Sherwood v. Nissen*, 179 N.W.2d 336, 339 (Iowa 1970). Federal courts have uniformly held rule 56, F.R.C.P. does not contemplate a summary judgment for a portion of a single claim in a suit, but authorizes only a pre-trial order that certain noncontroverted facts or issues shall be deemed established for the trial of the case. *RePass v. Vreeland*, 357 F.2d 801, 805 (3 Cir. 1966); *Commonwealth Ins. Co. of N. Y. v. O. Henry Tent & A. Co.*, 266 F.2d 200, 201 (7 Cir. 1959); *Coffman v. Federal Laboratories*, 171 F.2d 94, 98 (3 Cir. 1948), cert. denied, 336 U.S. 913, 69 S.Ct. 603, 93 L.Ed. 1076 (1949); *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216–217 (7 Cir. 1946); *Hagberg v. City of Sioux Falls*, 281 F.Supp. 460, 468 (D.S.D.1968). See 75 A.L. R.2d 1201, 1209; 73 Am.Jur.2d, Summary Judgment § 42.

*Farm Service Company of Emmetsburg v. Askeland*, 169 N.W.2d 559 (Iowa 1969), cited by the law firm, is distinguishable because it involved two separate and distinct claims: a claim and a counterclaim. Trial court there granted summary judgment for plaintiff on its petition and retained jurisdiction to consider defendant's counterclaim. We directed summary judgment entry be stayed until adjudication of the counterclaim. See also *Am. Title Ins. Co. v. Stoller Fisheries*, 227 N.W.2d 481, 486 (Iowa 1975).

■ In this instance error, if any, arising from trial court's partial judgment was waived, for Yardarm at no time objected. *Farm Service Company of Emmetsburg v. Askeland*, supra. We thus do not reach the question, but note this appeal would have been avoided had trial court withheld the judgmental portion of its ruling until final adjudication of all issues. Compare, however, the federal interpretative decisions,

supra, with rule 222, R.C.P. See A. Loth, "Trial and Judgment", 29 Iowa L.Rev. 35, 43–44 (1943).

 II. We have said res judicata is an affirmative defense which must be asserted by answer and cannot be raised by motion to dismiss. *Bickford v. American Interinsurance Exchange*, 224 N.W.2d 450, 454 (Iowa 1974). This rule will be followed even where the defense was not available when the answer was filed: the answer must be amended. Id. at 453.

■ We consider the defense in this case, however, because the firm has not raised the *Bickford* rule either below or here.

III. Defendant asserts that allowing the firm to recover the remainder of its claim would violate that aspect of the doctrine of res judicata which prohibits splitting a cause of action:

"The doctrine of res judicata is based upon the principle that a party may not split or try his cause of action in piecemeal, but must put in issue and try his entire cause of action, or put forth his entire defense in the case on trial."

—*Jordan v. Stuart Creamery, Incorporated*, 258 Iowa 1, 5–6, 137 N.W.2d 259, 261 (1965) and citations.

The doctrine, however, is inapplicable here. Its rationale is that "where a person has a single cause of action, in the interests of convenience and economy to the public and to the defendant he should be entitled to but one right of action and hence should be required to unite in one proceeding all matters which are part of it." Restatement of Judgments § 62, Comment (a).

■ By definition, res judicata has no application until plaintiff has attempted to bring two actions against defendant. See *Bloom v. Steve*, 165 N.W.2d 825, 828 (Iowa 1969); *Jordan v. Stuart Creamery, Incorporated,* supra; *In re Richardson's Estate*, 250 Iowa 275, 283, 93 N.W.2d 777, 782 (1958).

■ It is clear plaintiff firm's actions did not fall within the letter or the spirit of the res judicata rationale. It puts its entire claim in issue at the outset, in the single petition filed. If a cause of action was split it resulted from the court's partial summary judgment to which Yardarm lodged no objection.

We find no error. The case is affirmed.

Affirmed.